Philip H. Stillman, Esq. SBN# 152861
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Tel. and Fax:  (888) 235-4279
pstillman@stillmanassociates.com

Attorneys for Defendant
Noble House Hotels & Resorts, L.P.

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aderiyike Lawal an individual,<br><br>    Plaintiff,<br><br>v.<br><br>Noble House Hotels & Resorts, L.P. D.B.A. Mission Bay Resort, a Texas Limited Partnership, and Does 1-10<br><br>    Defendant. | CASE NO.: 2:24-cv-10038-FLA-AJR<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>[Fed.R.Civ.P.  12(b)(6)]<br><br>Date: 1:30 p.m.<br>Time: May 9, 2025<br>Courtroom: 6B<br>First Street Courthouse<br><br>Complaint Filed: November 21, 2024<br>Trial Date: None Set<br><br>Hon.  Fernando L Aenlle-Rocha |

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on Friday, May 9, 2025, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 6B of the above-entitled court, Defendant Noble House Hotels & Resorts, L.P., D.B.A. Mission Bay Resort ("Defendant"), will and hereby does move to dismiss Plaintiff Aderiyike Lawal's ("Plaintiff") Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. As grounds therefor, Defendant states the following:

Plaintiff's Complaint, which alleges violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("UCRA") based on purported accessibility barriers on Defendant's website, https://www.missionbayresort.com/ (the "Website") fails to state a viable claim for the following reasons:

**1.    Failure to Allege a Claim Under Rule 12(b)(6).**

Plaintiff's Complaint does not allege sufficient facts to establish a viable claim under the ADA or the Unruh Act. While Plaintiff asserts that Defendant's Website contains accessibility barriers, she fails to identify how these purported barriers impacted her ability to physically access Defendant's hotel or use its services. Instead, Plaintiff relies on speculative, general and conclusory assertions about missing alt-text, inaccessible forms, and empty links, without providing any details regarding *what* Alt-text, forms or empty links to which Plaintiff is referring, where those alleged issues are located, their functionality or how they impair plaintiff's access to the goods and services of the physical location – the standard for website accessibility cases. Such generalized grievances do not meet the standard for a plausible claim under Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**2. No Allegation of a Nexus Between the Website and the Physical Location.**

Plaintiff has not alleged any instance where she attempted to use Defendant's Website to access services at the physical hotel or was deterred from doing so due to accessibility barriers. To state a claim under the ADA, courts require a clear nexus between the alleged

online barriers and the plaintiff's inability to access the goods or services of the physical facility. *See Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019). Plaintiff's failure to allege such a connection is fatal to her claims. Similarly, Plaintiff does not claim that she had any intention to visit the hotel or was discouraged from doing so because of the Website's alleged deficiencies. Without this essential nexus, her claims lack merit. *See Langer v. Pep Boys Manny Moe & Jack of California*, No. 20-CV-06015-DMR, 2021 U.S. Dist. LEXIS 8680, at *8 (N.D. Cal. Jan. 15, 2021).

### 3. Informational Injury Is Not Recognized Under the ADA.

Plaintiff's allegations amount to an informational injury, asserting that certain features of the Website are incompatible with her screen reader software and she was therefore unable to obtain information about the alleged "goods and services" of Defendant's hotel. However, the ADA does not recognize purely informational injuries disconnected from physical access or tangible harm. *See Acheson Hotels, LLC v. Laufer*, 601 U.S. 1 (2023).

### 4. Failure to Allege Intent to Visit the Physical Location.

The Complaint is deficient because Plaintiff does not allege any genuine intent to visit Defendant's hotel or use its services. Courts consistently require plaintiffs to allege a clear intent to access the goods and services of a defendant's physical location. *See Langer*, 2021 U.S. Dist. LEXIS 8680, at *8. Plaintiff does not claim she attempted to reserve a room, gather information about hotel amenities, or otherwise engage with Defendant's services. Without allegations of intent or tangible harm, her ADA and Unruh Act claims cannot be sustained.

### 5. Plaintiff's Unruh Act Claim Fails as a Matter of Law.

Plaintiff's Unruh Act claim is entirely derivative of her ADA claim and fails because the ADA claim is legally insufficient. Courts routinely dismiss supplemental state law claims when federal claims are dismissed. *See Cullen v. Netflix, Inc.*, 600 F. App'x 508, 509 (9th Cir. 2015). Even evaluated independently, Plaintiff's Unruh Act claim fails because she does not allege a *bona fide* intent to use Defendant's goods or services. *See Thurston v.*

*Omni Hotels Mgmt. Corp.*, 69 Cal. App. 5th 299, 306 (2021). Additionally, the Unruh Act requires that the violation deny equal access to a public facility. *See Urhausen v. Longs Drug Stores Cal., Inc.*, 155 Cal. App. 4th 254, 265–66 (2007). Plaintiff fails to allege any tangible denial of access to the hotel caused by the alleged Website barriers, rendering her claim legally unsustainable.

WHEREFORE, Defendant respectfully requests that this Court grant Defendant's Motion to Dismiss Plaintiff's Complaint with prejudice.

**Meet and Confer Certification:** Defendant Noble House Hotels & Resorts, L.P., by and through its counsel of record, certifies that in accordance with Local Rule 7-3, counsel for Defendant, Matthew Arnold, met and conferred with Plaintiff's counsel, Nilofar Nouri, on February 11, 2025, regarding Defendant's Motion to Dismiss. See Declaration of Matthew Arnold, ¶¶ 2–5. During this discussion, the parties thoroughly addressed the legal arguments and issues raised by the motion but were unable to reach an agreement concerning amendments to Plaintiff's Complaint, necessitating the filing of this Motion to Dismiss. *Id*.

Respectfully Submitted,

STILLMAN & ASSOCIATES

March 21, 2025        By: _____
                         Philip H. Stillman, Esq.
                         Attorneys for Defendant

**PROOF OF SERVICE**

I, the undersigned, certify under penalty of perjury that on March 21, 2025 or as soon as possible thereafter, copies of the foregoing Notice of Motion to Dismiss, Memorandum of Points and Authorities, Request for Judicial Notice, Declaration of Matthew Arnold, and Proposed Order were served electronically by ECF.

By: /s/ *Philip Stillman*
For Defendant