Philip H. Stillman, Esq. SBN# 152861
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Tel. and Fax: (888) 235-4279
pstillman@stillmanassociates.com

Attorneys for Defendant
NOBLE HOUSE HOTELS & RESORTS, L.P.

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADERIYIKE LAWAL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NOBLE HOUSE HOTELS & RESORTS, L.P. D.B.A. Mission Bay Resort, a Texas Limited Partnership, and Does 1-10<br><br>Defendant. | CASE NO.: 2:24-cv-10038-FLA-AJR<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>[Fed.R.Civ.P. 12(b)(6)]<br><br>Date: 1:30 p.m.<br>Time: May 9, 2025<br>Courtroom: 6B<br>First Street Courthouse<br><br>Complaint Filed: November 21, 2024<br>Trial Date: None Set<br><br>Hon. Fernando L Aenlle-Rocha |

# TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    I.     THE COMPLAINT FAILS TO STATE A CLAIM UNDER THE ADA . . . . 5

        A.    Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        B.    The Standard In The Ninth Circuit On Website Accessibility . . . . . . . 6

        C.    The Website Does Not Impede Access To The Goods And Services of
            the Hotel's Physical Location . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

            1.    Missing Alt-text . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

            2.    Multiple Unlabeled Or Mislabeled Buttons And Links. . . . . . . 10

            3.    Empty Links and Headings . . . . . . . . . . . . . . . . . . . . . . . . . . 11

            4.    Links to Allegedly Incompatible Documents. . . . . . . . . . . . . 11

        D.    Plaintiff Has Alleged A Nonexistent "Informational" Claim. . . . . . . 12

        E.    Plaintiff's Allegations Are Speculative and Conclusory . . . . . . . . . . 13

    II.    PLAINTIFF'S UNRUH ACT CLAIM FAILS AS A MATTER OF LAW . . 14

    III.   THE COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION
         OVER THE UNRUH ACT CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

# TABLE OF AUTHORITIES

*Langer v. Pep Boys Manny Moe & Jack of Cal.*, No. 20- . . . . . . . . . . . . . . . . -6-, -8-, -12-

*Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 11, 144 S. Ct. 18, 217 L.Ed.2d 155 (2023). . -5-

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 678 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Barnes v. Marriott Hotel Servs.*, 2017 U.S. Dist. LEXIS 22588, at *10 (N.D. Cal. Feb. 16, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 955 (9th Cir. 2011) . . . . . . . . . . . 11

*Cullen v. Netflix, Inc.*, 600 F. App'x 508, 509 (9th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . 14

*Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) . . . . . . . . . . . . . . . 5

*Gomez v. Ackerman Family Vineyards LLC*, 2022 U.S. Dist. LEXIS 94858, at *7-8 (N.D. Cal. May 26, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Gomez v. Ackerman Family Vineyards LLC*, No. 3:21-cv-09184-WHO, 2022 U.S. Dist. LEXIS 94858, at *8 (N.D. Cal. May 26, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Gomez v. Corro*, Case No. 21-cv-07085-SI, 2022 U.S. Dist. LEXIS 75842 at *2 (N.D. Cal. Apr. 26, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Gomez v. Gates Estates, Inc.*, No. C 21-7147 WHA, 2022 U.S. Dist. LEXIS 27266, at *10 (N.D. Cal. Feb. 15, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-4, 12

*Gomez v. Skip Keyser Realty, Inc.*, No. 21-cv-07409-SI, 2022 U.S. Dist. LEXIS 75800, at *3 (N.D. Cal. Apr. 26, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Gomez v. Smith*, Case No. 21-cv-07154-RS, 2022 U.S. Dist. LEXIS 6157 at *3 (N.D. Cal. Jan. 12, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Haggar v. Ashley Furniture Indus., Inc.*, 2019 U.S. Dist. LEXIS 231237, 2019 WL 8886026, at *3 (C.D. Cal. Dec. 12, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Langer v. Oval Motor Sports, Inc.*, No. 21-cv-06401-MMC, 2022 U.S. Dist. LEXIS 99575, at *3-4 (N.D. Cal. June 3, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Langer v. Pep Boys Manny Moe & Jack of California*, No. 20-CV-06015-DMR, 2021 U.S. Dist. LEXIS 8680 at *5 (N.D. Cal. Jan. 15, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Nat'l Fed'n of the Blind v. Target Corp.*, 452 F.Supp.2d 946, 952 (N.D. Cal. 2006) . . . . . 6

*Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019) . . . . . . . . . . . . . . . . . . 5

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 990 (9th Cir. 2001) . . . . . . . . . . . . . . . 5

*Thurston v. Omni Hotels Mgmt. Corp.*, 69 Cal. App. 5th 299 (2021) . . . . . . . . . . . . . . . . . 14

*U.S. v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Urhausen v. Longs Drug Stores Cal., Inc.*, 155 Cal. App. 4th 254, 265-66 (2007) . . . . . . 14

*Williams v. Amazon.com Inc.*, 2020 U.S. Dist. LEXIS 185471, 2020 WL 5909060, at *1 (E.D. Cal. Oct. 6, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INTRODUCTION**

Plaintiff Aderiyike Lawal's Complaint is critically deficient and lacks the necessary factual details to support a cause of action against Defendant Noble House Hotels & Resorts, Ltd. The claims are overly broad, unclear, and do not provide the required specificity to substantiate any legal relief.  Plaintiff's firm has a history of representing serial litigants and the Complaint itself is a recycled document, mirroring those filed in Plaintiff's numerous other website accessibility lawsuits.[1] The only modifications Plaintiff makes are the names of the defendants in each specific complaint filed with the Court. In this case, Plaintiff alleges that Defendant's website, https://www.missionbayresort.com/ (the "Website"), is not fully accessible to visually impaired individuals, thereby violating the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*. and Unruh Civil Rights Act ("UCRA"), Civ. Code § 51 *et seq*. However, Plaintiff's claims are based on an alleged informational injury, which is unequivocally *not* recognized under the ADA. *Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 11, 144 S. Ct. 18, 217 L.Ed.2d 155 (2023) ("the ADA prohibits only discrimination based on disability—it does not create a right to information.")(Thomas, J., concurring).

In addition, Plaintiff has not stated a single fact in her entire Complaint that alleges that some alleged incompatibility on Defendant's Website's impaired or impeded her from visiting the physical location of Defendant's hotel – the only "service" of which is to reserve a hotel room. "[A] plaintiff who fails to allege any connection between the website barriers and a physical location does not have an ADA claim." *Langer v. Pep Boys Manny Moe & Jack of California*, No. 20-CV-06015-DMR, 2021 U.S. Dist. LEXIS 8680 at *5 (N.D. Cal. Jan. 15, 2021).

---

[1]  Plaintiff's firm has filed three cases against Noble House hotels, two of which have Lawal as a plaintiff, and sent three "representation letters" on Laval's behalf regarding three additional Noble House hotels.  Plaintiff and his counsel are plainly "prospecting" for cases against Noble House.

Further, the Complaint only alleges an informational injury without a single instance of Plaintiff being interested in actually reserving or purchasing anything from Defendant's hotel and being deterred from doing so. As the courts agree, this kind of "informational injury" does not state a viable ADA claim. *Gomez v. Gates Estates, Inc.*, No. C 21-7147 WHA, 2022 U.S. Dist. LEXIS 27266, at *10 (N.D. Cal. Feb. 15, 2022) ("under *Robles*, the ADA does not protect his general interest in being able to gather information from defendant's website unrelated to any desire to avail himself of defendant's actual services.").

Because her Complaint fails to plead the basic information regarding how the Website impaired or impeded her access to the goods and services of Defendant's hotel, it should be dismissed.

## STATEMENT OF FACTS

Defendant owns and operates a hotel, the Mission Bay Resort in San Diego, California (the "Hotel") and its Website. Compl., ¶¶ 3-4. A copy of the home page of the Website is attached to the Request for Judicial Notice as <u>Exhibit 1.</u> The Website conspicuously contains an Accessibility page, which provides a telephone number for any guests with special needs or questions. Accessibility page, Request for Judicial Notice, <u>Exhibit 2</u>. ("Call San Diego Mission Bay Resort at 619-677-1161 should you have further questions about accessibility or email us at <u>reservations@MissionBayResort.com.</u>") In addition, the home page of the website contains both a telephone number for the Hotel, but also a Reservations number as well.[2] RJN, <u>Exhibit 1.</u> Thus, Plaintiff must allege why the provision of either number does not result in "effective communication" as required by the ADA.

Plaintiff resides somewhere in Los Angeles County. Compl., ¶ 15. She is blind and dependent upon screen reader software ("SRS") to read content on Internet web pages.

_____

[2] The DOJ has stated that "covered entities with inaccessible Web sites may comply with the ADA's requirement for access by providing an accessible alternative, such as a staffed telephone line, for individuals to access the information, goods, and services of their Web site." Nondiscrimination on the Basis of Disability, 75 Fed. Reg. at 43466.

Compl., ¶ 16.  "Plaintiff intended to visit, in-person, Defendant's physical locations, to purchase goods and/or use services offered by Defendant at its brick and mortar locations."[3] Compl., ¶ 17.  "Plaintiff has attempted to use Defendant's Website in order to access information concerning Defendant's services, offers, goods and/or online promotions." Compl., ¶ 19.  However, she contends that she accessed the Website *six* times "in order to obtain more *information* about its services and/or goods."  Compl., ¶21 (emphasis added). As a result of some unspecified "barriers," "Plaintiff will be unable to visit Defendant's physical locations in person to purchase goods and/or use services offered by Defendant at those locations." No mention is made regarding *what* "goods" or "services" Plaintiff desires to purchase "in person" or why she could not do so.  Apparently the "service" to which Plaintiff refers is the Website itself.  Compl., ¶ 35.  However, "Under *Robles*, defendant's website itself is not a service of defendant's business within the meaning of the ADA." *Gomez v. Gates Estates, Inc*., 2022 U.S. Dist. LEXIS 27266, at *12.

Finally, after a slew of conclusory allegations, Plaintiff takes a shot at identifying what she claims is the apparent basis of her claim.: "These barriers . . . include, but are not limited to: lack of alt-text or text equivalent on graphics, inaccessible forms, the lack of adequate prompting and labeling, the denial of keyboard access, empty links and headings, inability to complete important tasks using the keyboard and screen reader alone, and/or documents in PDF or other inaccessible formats, which are not fully readable or navigable using a screen reader." Compl., ¶ 48.  The qualifier "but are not limited to" implies that she knows of other alleged incompatibilities with her SRS, but deigns to keep them a secret. That allegation itself should either limit Plaintiff to what is alleged in the Complaint or she must state whatever barriers she claims exist.

---

[3]  In a perfect example of Plaintiff's "Mad Libs-style pleadings," this Complaint is against *one* hotel, not "physical locations," and the allegation does not even specify the so-called "goods and services" at its "brick and mortar *locations*." In fact, Plaintiff repeatedly refers to Defendant's "*locations*" when the lawsuit is only against one hotel at one location. It is a conclusory allegation that should be ignored.

Plaintiff then expounds upon four alleged incompatibilities.  First, she claims that certain pictures (without specifying any) lack alt-text. Compl., ¶ 49.  However, Plaintiff fails to explain how the lack of alt-text for any picture impaired her ability to reserve a hotel room.[4]  Second, Plaintiff alleges that unspecified "numerous instances of empty links and headings which prevent visually-impaired individuals from recognizing the function or purposes of links and headings contained in the Website." Compl., ¶ 50.  However, she does not claim that any "empty links or headings" somehow prevents her from reserving a room at the Hotel.  At best, she alleges that "This can introduce confusion for keyboard and screen reader users." *Id.* "Confusion" does not impair access to the goods and services of the physical location.  Third, Plaintiff alleges that there are unidentified "occurrences of links to documents in either PDF or other inaccessible formats which cannot be competently read by screen readers." Compl., ¶ 51.  She does not identify even *one* document that cannot be read by SRS, and therefore there is no way to conclude that any such unreadable document, if one even exists, somehow impairs her ability to reserve a hotel room.  At best, this appears to be yet another informational injury in that these documents apparently contain "specific information relating to Defendants' services, goods, promotions and/or offers . . ." *Id.*  Even more confusing, Plaintiff acknowledges that some text *is* readable by SRS on these unidentified documents.  "[T]he text that is accessible in such documents is presented in a confusing, scattered manner to screen reader users, not readily allowing navigability . . ." Compl., ¶ 51.  The ADA does not protect "navigability" of a website, so long as it does not impair an SRS user's ability to make a hotel reservation – the only "good or service" of the Hotel.  Finally, Plaintiff contends that "there are several occurrences where functions cannot be performed using a keyboard and screen reader. This includes, but is not limited, to sections concerning specific information relating to Defendants' services,

---

[4]  For example, alt-text would describe a picture of a pool as "picture of a pool."  As a matter of law, alt-text could not therefore impair Plaintiff's ability to reserve a room at Defendant's Hotel or whatever other "goods and services" she might be referring to – we are left to guess.

goods, promotions and/or offers . . ." Compl., ¶ 52. However, there is no identification of what those "services, goods, promotions and/or offers" are, or how they possibly impair Plaintiff's purported ability to reserve a hotel room. "Under *Robles*, plaintiff must allege and prove that the inaccessibility of the website has deterred him from using *the services of the physical location*." *Gates Estates*, 2022 U.S. Dist. LEXIS 27266, at *10 (emphasis in original).

Summing it up, Plaintiff again confirms that she is only alleging an informational injury: "Due to Defendants' Website inaccessibility, visually impaired customers of Defendants cannot independently investigate services and programs offered by Defendants via the Internet. . ." Compl., ¶ 53. Plaintiff's vague and conclusory allegations, coupled with her apparent generic reference to "locations" rather than the one hotel at issue in this Complaint, establishes that she fails to state a claim. Therefore, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety.

## DISCUSSION

### I.

### THE COMPLAINT FAILS TO STATE A CLAIM UNDER THE ADA

A.    <u>Legal Standard</u>

The Ninth Circuit has held in *Robles v. Domino's Pizza* that a website is not a public accommodation under the ADA, and that to state an ADA claim based on website accessibility, a plaintiff must allege that some specific aspect of the hotel impaired or impeded her ability to access the goods and services of the defendant's physical location. *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019). While "detailed factual allegations" are not required, a complaint must have sufficient allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 668. Also, the Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint[.]"

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 990 (9th Cir. 2001) (internal quotation marks and citation omitted).

When ruling on a Rule 12(b)(6) motion, a court may, without converting the motion to one for summary judgment, consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice[.]" *U.S. v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). Thus, in *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010), the Ninth Circuit considered, on a Rule 12 (b)(6) motion, "information posted on certain … web pages that Plaintiffs referenced in the Complaint" where the complaint directly referred to the material posted on those web pages. *Id. Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)(holding that a screen shot was properly the subject of judicial notice and noting that judicial notice of the context of webpages is appropriate); *Pac. Overlander, LLC v. Kauai Overlander*, 2018 U.S. Dist. LEXIS 135567, at *2 (N.D. Cal. Aug. 10, 2018) ("[A]s a general matter, websites and their contents may be proper subjects for judicial notice."). Thus, since the entire complaint is based on Defendant's website, this Court can take judicial notice of Defendant's website.

B.    The Standard In The Ninth Circuit On Website Accessibility.

Applying *Robles*, "a plaintiff who fails to allege any connection between the website barriers and a physical location does not have an ADA claim." *Gomez v. Ackerman Family Vineyards LLC*, No. 3:21-cv-09184-WHO, 2022 U.S. Dist. LEXIS 94858, at *8 (N.D. Cal. May 26, 2022) quoting *Langer v. Pep Boys Manny Moe & Jack of California*, 2021 U.S. Dist. LEXIS 8680, at *5.

> For example, a website violates the ADA where it does not provide auxiliary aids to order products for delivery, as in *Robles*, or where the web-based barriers prevent the plaintiff from locating a physical store, as in *Farr. See also Williams v. Amazon.com Inc.*, 2020 U.S. Dist. LEXIS 185471, 2020 WL 5909060, at *1 (E.D. Cal. Oct. 6, 2020) (plaintiff adequately alleged standing when he claimed he had been "deterred from visiting defendant's physical stores because he is unable to use defendant's website to locate the stores and obtain their hours of operation"); *Haggar v. Ashley Furniture Indus., Inc.*, 2019 U.S. Dist. LEXIS 231237, 2019 WL 8886026, at *3 (C.D. Cal. Dec. 12, 2019) ("Plaintiffs allege they tried to use Defendant's website to locate physical stores, and order furniture and other products available at Defendant's physical

locations."). By contrast, a plaintiff who fails to allege any connection between the website barriers and a physical location does not have an ADA claim. Plaintiff fails to demonstrate an injury-in-fact because she fails to demonstrate a nexus between the purported lack of closed captioning on a video and a place of public accommodation. Plaintiff has the burden of alleging a "nexus" between the actual website barriers she encountered and the physical location. *Nat'l Fed'n of the Blind*, 452 F.Supp.2d at 952.  As that court concluded addressing a similar complaint, "a plaintiff who fails to allege any connection between the website barriers and a physical location does not have an ADA claim."

*Langer v. Pep Boys Manny Moe & Jack of California*, 2021 U.S. Dist. LEXIS 8680, at *15-17.  *Pep Boys* is closely on point.  There, Langer alleged that:

> he "visited the Website in August 2020 to confirm that the business was open and look for information about the company and its products." FAC ¶ 15. He alleges he was "denied the full use and enjoyment of the facilities, goods and services offered by Defendants" as a result. Id. ¶ 19. According to Langer, he has been "deterred from returning to the website as a result" of this experience. Id. ¶ 22. He avers that he "will return to the Website to avail himself of its goods and/or services" once it has been made accessible. Id. ¶ 25. However, he does not explain how the alleged violations have a nexus to Pep Boys' physical locations. For example, he does not allege that he intended to visit a Pep Boys' location and could not because the website was inaccessible. He also does not represent that he was trying to use the website to order goods or services from Pep Boys' physical location. Instead, he merely suggests that the website's videos are themselves a service that he was prevented from accessing. But the caselaw cited above makes clear that websites (and the services offered on them) are not public accommodations absent a nexus to a physical location. Therefore, without more, Langer's allegations that he had difficulty watching a video on Pep Boys' website is not sufficient to allege injury under the ADA.

*Id.*  In *Ackerman Family Vineyards,* the court confronted a similar SRS case by another serial litigant:

> All that Gomez pleads about the barriers, as recounted above, is that (1) "[i]mages on the website lack a text equivalent readable by SRS," (2) "[t]he website contains script elements that are not identified with functional text readable by SRS," and (3) "[t]he visualization of the webpage contains impermissibly low contrast enabling differentiation of background and foreground elements." None of these plausibly show how the alleged barriers denied his full and fair enjoyment. *See Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021) (requiring this as a matter of pleading in ADA cases). It seems possible, for instance, that Gomez was still able to read the webpage with SRS despite its contrast, that the unidentified images were not material, and that the unidentified script elements did not impact the experience of reading the webpage—the pleading is too vague to assess if this is so.

*Gomez v. Ackerman Family Vineyards LLC*, 2022 U.S. Dist. LEXIS 94858, at *7-8 (N.D. Cal. May 26, 2022).

As in *Pep Boys* and *Ackerman*, Plaintiff's ADA and UCRA claims fail because the Complaint does not establish the necessary nexus between the alleged accessibility barriers on Defendant's Website, and Plaintiff's ability to access the goods and services offered at *Defendant's physical hotel location*. As shown above, the Ninth Circuit has clearly held that claims alleging website accessibility barriers must demonstrate a connection between those barriers and the plaintiff's ability to physically access or use the goods and services of the associated location. *See Robles*, 913 F.3d at 905. In this case, Plaintiff fails to allege that she attempted to use the Website to engage with Defendant's physical hotel or was deterred from doing so because of the alleged barriers. The Complaint contains no allegations that Plaintiff attempted to make an actual reservation at the physical location on a specific date. Without any such allegations, Plaintiff has not met the required showing of a nexus between the Website and the goods and services of Defendant's hotel. *See Id.*

Furthermore, Plaintiff fails to allege that she intended to visit Defendant's hotel or was discouraged from doing so because of the alleged deficiencies on the Website. Courts have consistently held that a plaintiff must demonstrate a plausible intent to return or attempt to access the goods and services of the physical location to sustain an ADA claim. *See, e.g., Langer v. Pep Boys Manny Moe & Jack of California*, 2021 U.S. Dist. LEXIS 8680, at *8. The lack of allegations regarding intent or deterrence further underscores its failure to state a viable claim. The allegations related to the website's deficiencies-such as "empty links" and "inaccessible documents" are presented as general grievances, with no indication of how they impacted Plaintiff's ability to access Defendant's physical property or its services. Compl., ¶¶ 48-51. Speculative and conclusory statements regarding Website barriers, without more, are insufficient to establish the required nexus. *See Iqbal*, 556 U.S. at 678.

Therefore, Plaintiff's failure to allege any attempted use of the website, intent to visit the hotel, or specific deterrence from accessing Defendant's goods and services renders her

claims under the ADA and UCRA legally deficient. Without the essential connection between the Website and the physical location, Plaintiff's claims cannot proceed.

C.   The Website Does Not Impede Access To The Goods And Services of the Hotel's Physical Location

In the Ninth Circuit, a website is not a "place of public accommodation" pursuant to the ADA. Instead, a complaint must allege that some element(s) of the website impaired or impeded access to the goods and services of the physical location.  Pursuant to the ADA, there is no right to obtain information about a business in general – the website must be a barrier between the user and the services of the physical location.  Thus, it is not enough to present a generic laundry list of alleged programming errors without connecting those to the services of the business's physical location.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) require well-pleaded facts, not legal conclusions, *Twombly*, 550 U.S. at 570, that "plausibly give rise to an entitlement to relief," *Iqbal*, 556 U.S. at 679. The plausibility of a pleading thus derives from its well-pleaded factual allegations. *Id.*

It is also insufficient to generically refer to categories of alleged programming errors without specifying what elements to which the plaintiff is referring.  *Tesla Motors*, 985 F.3d at 1176.  In *Tesla*, Whitaker alleged that Tesla "failed to provide accessible service counters," that Whitaker "personally encountered" the inaccessible service counters, and that he was denied "full and equal access."  *Id.* at 1177.  As the Ninth Circuit held: These allegations do little more than recite the elements of an ADA claim, and fall short of putting Tesla on notice of how the counters prevented Whitaker from full and equal access to the Tesla facility. The complaint failed to answer basic questions: Were the service counters too low? Or too high? Were they positioned in an area that was inaccessible for another reason? Without this sort of factual detail, the district court and Tesla were left in the dark about how the service counters denied Whitaker from full and equal enjoyment of the premises. *Id.* at 1177.  Thus, Whitaker failed to allege how barriers at the dealership

1    prevented Whitaker from accessing Tesla's facility, and which service counter or counters

2    were actually deficient. The Ninth Circuit held that this type of general allegation was

3    "inconsistent" with *Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868, and *Twombly*,

4    550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929.

5         Plaintiff in this case has made the same sort of generalized allegations as were fatal in

6    *Tesla*. First, plaintiff alleged that she encountered an inaccessible website without

7    specifically identifying any specific nonconforming conditions. For example, in the

8    Compl., ¶ 47, Plaintiff alleges that "Defendants deny the visually impaired full access to

9    services and information made available through their Website by preventing them from

10   freely navigating the Website." That is a legal conclusion that says nothing about what

11   specific "access barriers" were or how they impeded his access to the goods and services of

12   the restaurant. Second, Plaintiff only identifies allegedly incompatible elements of the

13   website in the broadest possible terms, analogous to Whitaker's allegation that a services

14   counter was "inaccessible" without identifying why he claimed that it was inaccessible.

15   Compl., ¶ 48. For example, Plaintiff alleges that the website contained images lacking

16   "alt-text." What images? Where on the website were those images located? How did the

17   lack of alt-text for a specific image impair the plaintiff's ability to access the goods and

18   services of the physical location? This is the type of specificity required by *Tesla*, especially

19   where *Robles* requires that each purported barrier on the website impair or impede access to

20   the goods and services of the physical location. *Robles v. Domino's Pizza, LLC*, 913 F.3d

21   898, 905 (9th Cir. 2019). *See also, Gomez v. Trinitas Cellars, LLC*, No.

22   3:21-cv-09006-WHO, 2022 U.S. Dist. LEXIS 108468, at *10-11 (N.D. Cal. June 17, 2022)

23   ("There is no 'connection between the [banner image at the top of the page lacking alt-text]

24   and a physical location,' so Gomez 'does not have an ADA claim' based on it."). *Langer v.*

25   *Pep Boys Manny Moe & Jack of California*, 2021 U.S. Dist. LEXIS 8680 at *5 ("[A]

26   plaintiff who fails to allege any connection between the website barriers and a physical

27   location does not have an ADA claim.").

28   ///

1        1.    **Missing Alt-text**.

2            Plaintiff's first claim is that the website lacks unspecified alt-text for images. Compl.,

3  ¶ 48. This is no different than the insufficient allegations in *Tesla*. What images lacked

4  alt-text? Alt-text is merely a descriptor for an image, so the most that a plaintiff would here

5  is something like "picture of pool." But that descriptor is irrelevant to whether Plaintiff can

6  reserve a hotel room. As in *Trinitas Cellars*, there is no connection between any image

7  lacking alt-text and the physical location.

8        2.    **Multiple Unlabeled Or Mislabeled Buttons And Links**.

9            Plaintiff's second claim is that there were "multiple unlabeled or mislabeled buttons

10  and links." As with the allegedly missing alt-text, what unlabeled or mislabeled buttons?

11  This is no different than Whitaker's allegation in *Tesla Motors* that he encountered

12  inaccessible counters. The Ninth Circuit required a plaintiff to allege what sales counters

13  were "inaccessible" and how they were inaccessible. Plaintiff provides none of that

14  information here, leaving this Court and Defendant to guess what he is referring to. As in

15  *Trinitas Cellars*, Plaintiff does not identify how any "unlabeled or mislabeled buttons"

16  connected Plaintiff to the physical location, and is therefore insufficient.

17        3.    **Empty Links and Headings**.

18            Plaintiff merely alleges that she encountered "empty links" and "headings" that

19  caused her to expend more time to get "information." Compl., ¶ 50. As with the prior

20  claims, this is merely a general statement of inaccessibility without alleging what those links

21  or headings were, how an allegedly insufficient heading could affect Plaintiff's access to the

22  services of the physical location, and in fact, it only appears that this alleged nonconforming

23  condition only affects Plaintiff's navigation of the website but not accessing the goods of

24  the physical location at all. As such, these appear to be a laundry list of technical violations

25  unconnected to the goods and services offered at the Hotel. Merely pointing out alleged

26  technical violations, as Plaintiff does in this case, has never pled and does not plead a claim

27  under the ADA. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 955 (9th Cir. 2011)

28  (*en banc*). Moreover, website functionality that does not affect access to the services at the

Hotel's physical location are not actionable under the ADA. *Nat'l Fed'n of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 953 (N.D. Cal. 2006) (distinguishing actionable website functionality that impedes equal access to goods and services offered in Target stores from non-actionable website functionality that does not affect equal access to goods and services offered in Target stores).

        4.    **Links to Allegedly Incompatible Documents.**

      Once again, Plaintiff neither identifies any of these supposedly "incompatible" documents, nor does she explain how any of these allegedly incompatible documents impair her ability to reserve a hotel room. There are no such documents on the website. In fact, she further clarifies that "some" text within these mystery documents *is* readable by SRS, but "is presented in a confusing, scattered manner to screen reader users, not readily allowing navigability. . ." Compl., ¶52. As discussed above, impaired "navigability" is not actionable under the ADA. Failure to link any allegedly unreadable documents to impairing access to the goods and services of the Hotel similarly falls short of stating a claim under the ADA.

D.    <u>Plaintiff Has Alleged A Nonexistent "Informational" Claim.</u>

      Plaintiff's claims rest entirely on an alleged informational injury, arguing that certain features of Defendant's website that are incompatible with screen reader software impair her access information about the goods and services on the Website, *not* the physical location. *See* Compl., ¶¶ 35, 51-52 (alleged barriers prevent plaintiff from obtaining "specific information relating to Defendants' services, goods, promotions and/or offers").

      There is no right to obtain information on a website under the ADA. "[T]he ADA prohibits only discrimination based on disability—it does not create a right to information." *Acheson Hotels, LLC v. Laufer*, 601 U.S. at 11; *Gomez v. Skip Keyser Realty, Inc*., No. 21-cv-07409-SI, 2022 U.S. Dist. LEXIS 75800, at *3 (N.D. Cal. Apr. 26, 2022)(rejecting a Title III ADA claim challenging the inaccessibility of a website where the inability to access information on the website and the website's inaccessibility did not separately impede access to the goods or services of the public accommodation); *Gomez v. Gates Estates, Inc.*, 2022 U.S. Dist. LEXIS 27266, at *10 (finding "ADA [did] not protect [plaintiff's] general

interest in being able to gather information from defendant's website unrelated to any desire to avail himself of . . . the services of defendant's physical office").

The purported barriers, which Plaintiff vaguely describes as "empty links" or "inaccessible documents" (Complaint, ¶¶ 48–51), allegedly impede visually impaired individuals from fully navigating the website. However, the ADA does not protect against informational injuries. *See Acheson Hotels, LLC*, 601 U.S. at 11. To state a valid claim under the ADA, Plaintiff must demonstrate that the alleged deficiencies somehow impaired or impeded the plaintiff's ability to access the goods and services of the *physical* location, not just her ability to scroll around the Website — something notably absent in this case. "[A] plaintiff who fails to allege any connection between the website barriers and a physical location does not have an ADA claim." *Gomez v. Smith*, No. 21-cv-07154-RS, 2022 U.S. Dist. LEXIS 6157, at *3-4 (N.D. Cal. Jan. 12, 2022) citing Pep Boys, U.S. Dist. LEXIS 8680 at *5. *See also Langer v. Pep Boys Manny Moe & Jack of Calif.*, 2021 U.S. Dist. LEXIS 8680 at *5-6 (dismissing complaint lacking any allegation that "was trying to use the website to order goods or services from" defendant's physical store or what those "goods and services" were); *Gomez v. Smith*, Case No. 21-cv-07154-RS, 2022 U.S. Dist. LEXIS 6157 at *3 (N.D. Cal. Jan. 12, 2022) (complaint insufficient where plaintiff visited website to "get information about houses on sale," rather than to "utiliz[e] services or obtain[] goods at physical places of public accommodation" (internal quotation and citation omitted)); *Gomez v. Corro*, Case No. 21-cv-07085-SI, 2022 U.S. Dist. LEXIS 75842 at *2 (N.D. Cal. Apr. 26, 2022) (noting plaintiff may not "challenge the inaccessibility of a website where the inability to access information on the website was the sole basis of the ADA claim . . . and the website's inaccessibility did not separately impede access to the goods or services of the public accommodation"); *Langer v. Oval Motor Sports, Inc.*, No. 21-cv-06401-MMC, 2022 U.S. Dist. LEXIS 99575, at *3-4 (N.D. Cal. June 3, 2022).

Therefore, Plaintiff's generic claim of being unable to access certain information on the Website is not actionable under the ADA. Instead, She must link her alleged difficulty navigating the Website to her inability to make a hotel reservation. *Cullen v. Netflix, Inc.*,

880 F. Supp.2d 1017 (N.D. Cal. 2012) (the ADA does not require standalone websites to be accessible to individuals with disabilities).

E.    Plaintiff's Allegations Are Speculative and Conclusory

Under Rule 12(b)(6), a plaintiff must provide sufficient factual allegations to raise a plausible right to relief, rather than relying on speculation or conclusory statements. *See Twombly*, 550 U.S. 544, 555 (2007). Claims must provide enough detail to state a claim for relief that is plausible on its face. *Id*. Plaintiff's Complaint fails to meet these standards. As stated previously, Plaintiff broadly alleges that Defendant's Website contains accessibility barriers, such as "missing alt-text," "inaccessible forms," "empty links," and "unreadable documents". Compl. ¶¶ 48–51. However, Plaintiff fails to specify where these alleged deficiencies are located, how they impede the functionality of the website for visually impaired users, or how they prevented her from accessing some "good and service" at Defendant's hotel for a specific date, or even what that "good or service" was. *See Iqbal*, 556 U.S. at 678. These vague and generalized claims do not satisfy the requisite pleading standard, as they lack sufficient detail to be plausible.

Furthermore, Plaintiff does not allege that she attempted to use the Website to reserve a room on a specific date and was unable to do so due to the alleged barriers. Courts have routinely rejected ADA claims where plaintiffs fail to allege any specific attempt to access goods or services and demonstrate how alleged barriers directly impacted that attempted access. *See Robles*, 913 F.3d at 905. Without allegations of an actual attempt to reserve a room or any specific instance in which the barriers affected her ability to do so, Plaintiff's claims are purely speculative. Plaintiff's reliance on vague allegations forces the Court and Defendant to guess at the alleged barriers' relevance and significance. The absence of any factual allegations connecting the website's purported deficiencies to Plaintiff's ability to access Defendant's hotel undermines the plausibility of her claims and renders them legally insufficient. Accordingly, Plaintiff's Complaint fails to state a claim and should be dismissed.

## II.

## __PLAINTIFF'S UNRUH ACT CLAIM FAILS AS A MATTER OF LAW__

Of course, without a federal claim, courts routinely dismiss supplemental state law claims. *Cullen v. Netflix, Inc.*, 600 F. App'x 508, 509 (9th Cir. 2015). But the Unruh Act claim fails on the merits as well. *Thurston v. Omni Hotels Mgmt. Corp.*, 69 Cal. App. 5th 299 (2021) requires that a plaintiff have a *bona fide* intent to use the goods and services of the defendant. Nowhere in her Complaint does Plaintiff allege that she was seeking to purchase or reserve anything specific from Defendant. As discussed above, she has alleged a mere informational injury and thus, she was not a *bona fide* patron when she went to the Website and the claim is defective. For example, a plaintiff cannot recover damages unless the violation *actually* denied him or her equal access to some public facility. *Urhausen v. Longs Drug Stores Cal., Inc.*, 155 Cal. App. 4th 254, 265-66 (2007).

In *Urhausen*, the court rejected the plaintiff's attempt to equate a "denial of equal access" with the presence of a violation of federal or state regulations. As the court held, under that theory,

> any disabled person could sue for statutory damages whenever he or he encountered noncompliant facilities, regardless of whether that lack of compliance actually impaired the plaintiff's access to those facilities. Plaintiff's argument would thereby eliminate any distinction between a cause of action for equitable relief under section 55 and a cause of action for damages under section 54.3 . . .

*Id.*

Plaintiff cannot allege that she was actually denied access to the actual brick and mortar Hotel by purported coding errors alleged in the complaint – which do not exist in any event. Although she alleges that she experienced some purported incompatibility with her screen-reader software, she fails to adequately explain how that alleged "barrier" impaired her ability to access the physical hotel or its services. Because the Unruh Act claim is based solely on a violation of the ADA, and there is none, there is no viable Unruh Act claim.

///

///

-15-

### III.

### THE COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION OVER THE UNRUH ACT CLAIM

Absent a viable ADA claim, Plaintiff's dependent Unruh Act claim must also be dismissed, as the Unruh Act claim is entirely derivative of the ADA claim. *See Cullen v. Netflix, Inc.*, 600 F. App'x 508, 509 (9th Cir. 2015). The failure to state a plausible claim under the ADA necessarily eliminates the legal foundation upon which the Unruh Act claim rests, warranting dismissal of the state law claim. Moreover, even if the ADA claim were deemed viable, this Court should decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim pursuant to binding precedent. The Ninth Circuit has consistently recognized the need to avoid unnecessary federal adjudication of state law claims in cases where the federal claim is dismissed or where the state claim predominates. *See Arroyo v. Rosas*, 19 F.4th 1202, 1210 (9th Cir. 2021) (holding that "in an appropriate case, a district court may decline to exercise supplemental jurisdiction over state-law claims after resolving federal claims at an early stage of the litigation").

In addition, under *Thanh Vo v. Choi*, 49 F.4th 1167, 1173 (9th Cir. 2022), the Ninth Circuit emphasized that district courts should carefully weigh the fairness, judicial economy, and comity considerations when deciding whether to retain jurisdiction over state law claims. The decision to dismiss Plaintiff's Unruh Act claim is further supported by the fact that California law imposes stricter requirements for claims seeking damages under the Unruh Act. In particular, state courts are better equipped to handle unique procedural and substantive nuances related to Unruh Act claims, including the statutory damages provisions that have been subject to abuse in accessibility litigation. Accordingly, without a viable federal claim and considering the guidance of *Arroyo* and *Thanh Vo*, this Court should decline to exercise supplemental jurisdiction and dismiss Plaintiff's Unruh Act claim in its entirety. Alternatively, because the Unruh Act claim is wholly dependent on Plaintiff's ADA allegations, it must be dismissed for failure to state a claim.

///

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety pursuant to Rule 12(b)(6).

Dated: March 21, 2025

Respectfully Submitted,

STILLMAN & ASSOCIATES

By: _____
Philip H. Stillman, Esq.
Attorneys for Defendant

## CERTIFICATE PURSUANT TO LOCAL RULE 11-6.2

The undersigned, counsel of record for Defendant certifies that, using the word counting function of his word processing software, this brief contains 5,985 words, which complies with the word limit of L.R. 11-6.1.

Respectfully Submitted,

STILLMAN & ASSOCIATES

Dated: March 21, 2025                    By:_____
                                              Philip H. Stillman, Esq.
                                         Attorneys for defendant.

**PROOF OF SERVICE**

I, the undersigned, certify under penalty of perjury that on March 21, 2025 or as soon as possible thereafter, copies of the foregoing Notice of Motion to Dismiss, Memorandum of Points and Authorities, Request for Judicial Notice, Declaration of Matthew Arnold, and Proposed Order were served electronically by ECF.

By: /s/ *Philip H. Stillman*
For Defendant