Philip H. Stillman, Esq., (Cal. Bar No. 152861)
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33139
Telephone: (888) 235-4279
Facsimile:(888) 235-4279
email: pstillman@stillmanassociates.com

Attorneys for Defendant
Noble House Hotels & Resorts, L.P.

# UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aderiyike Lawal an individual,<br><br>Plaintiff,<br><br>v.<br><br>Noble House Hotels & Resorts, L.P. D.B.A. Mission Bay Resort, a Texas Limited Partnership, and Does 1-10<br><br>Defendant. | Case No. 2:24-cv-10038-FLA-AJR<br><br>**[PROPOSED] ORDER ON GRANTING DEFENDANT'S MOTION TO DISMISS** |

The Court, having reviewed Defendant Noble House Hotels & Resorts, L.P., D.B.A. Mission Bay Resort's ("Defendant") Motion to Dismiss Plaintiff Aderiyike Lawal's ("Plaintiff") Complaint under Federal Rule of Civil Procedure 12(b)(6), as well as the accompanying Memorandum of Points and Authorities and all other relevant filings, hereby finds as follows:

## I. BACKGROUND

Plaintiff Aderiyike Lawal ("Plaintiff") has brought claims against Defendant Noble House Hotels & Resorts, L.P., D.B.A. Mission Bay Resort ("Defendant"), alleging violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("UCRA"). These claims are based on purported accessibility barriers on Defendant's website, https://www.missionbayresort.com/ (the "Website"), which Plaintiff contends prevented her from accessing goods and services available at Defendant's physical hotel location.

In the Complaint, Plaintiff alleges that the Website has a "policy and practice to deny access" to blind or visually impaired users, effectively denying them access to Defendant's goods and services. Complaint, ¶ 37. Plaintiff further asserts that she is unable to visit Defendant's physical location due to these alleged barriers on the Website, describing this as an ongoing and systemic issue *Id.*, ¶ 38. Plaintiff claims that specific deficiencies, such as missing alt-text, inaccessible forms, empty links, and unreadable documents for screen reader users, create significant barriers for visually impaired individuals attempting to navigate the Website. *Id.*, ¶¶ 48–51. However, the Complaint fails to identify where these deficiencies exist or how they specifically hinder access to Defendant's goods and services. Plaintiff's allegations regarding the Website are vague and conclusory, leaving Defendant and the Court to speculate about the actual barriers and their

impact.

Moreover, Plaintiff does not allege any instance in which she attempted to use the Website to access services connected to Defendant's physical location or that she was deterred from doing so due to accessibility issues. Courts have consistently required such a nexus between online barriers and the inability to access goods or services at a physical location to support ADA claims. *Id.*, ¶¶ 46, 50. The lack of any specific allegations connecting the purported online barriers to Defendant's physical property renders Plaintiff's claims speculative and insufficient to establish a viable claim. Plaintiff's general assertions regarding informational injuries—such as the inability to access information due to deficiencies in alt-text or links—do not constitute the concrete harm required to sustain a claim under the ADA. The Complaint's vague references to "empty links" and "unreadable documents" fail to include specific examples or evidence illustrating how these alleged barriers directly impacted Plaintiff or any attempt she made to access services. *Id.*, ¶¶ 48–51.

In summary, the Complaint is devoid of concrete factual allegations connecting the alleged online deficiencies to any harm suffered by Plaintiff or any inability to access Defendant's physical location. The allegations fail to meet the required pleading standard under Rule 12(b)(6).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, the complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face when the plaintiff pleads facts that allow the court to draw a reasonable inference that the defendant

is liable for the misconduct alleged. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires more than a mere possibility that the defendant acted unlawfully; it demands factual content that raises the claim above the speculative level. *See Twombly*, 550 U.S. at 555. While the court must accept all factual allegations in the complaint as true, it is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Moreover, a complaint must provide enough detail to give the defendant fair notice of the claims being brought against them and the grounds upon which those claims rest. Conclusory allegations or bare assertions that lack specific, concrete facts are insufficient to meet this standard. *Id.*; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."). Courts may consider documents attached to the complaint, those incorporated by reference, or matters of judicial notice when ruling on a Rule 12(b)(6) motion without converting it into a motion for summary judgment. *See U.S. v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). This includes publicly accessible content referenced in the complaint, such as information posted on a website central to the allegations. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

In sum, speculative allegations or legal conclusions presented without sufficient factual support will not withstand a Rule 12(b)(6) motion. A complaint must articulate enough facts to nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III. ANALYSIS

**1. Failure to State a Claim Under Rule 12(b)(6)**

Plaintiff's Complaint fails to allege facts sufficient to state a plausible claim under the ADA or UCRA. While Plaintiff alleges that Defendant's Website, includes accessibility barriers, such as missing alt-text, inaccessible forms, and empty links. Complaint, ¶¶ 37–51. These allegations are vague and lack specific factual support. The Complaint does not identify where these alleged deficiencies exist on the website or how they impacted Plaintiff's ability to access Defendant's hotel or utilize its services. Without such factual detail, Plaintiff's allegations are too speculative to meet the requirements of Rule 12(b)(6). *See Iqbal*, 556 U.S. at 678. Additionally, Plaintiff has not alleged any instance in which she attempted to use the Website to engage with Defendant's services—such as booking a reservation—and was prevented from doing so by the alleged barriers. A valid claim requires a connection, or nexus, between the website's alleged deficiencies and the inability to access the physical location's goods or services. *See Robles*, 913 F.3d at 905. Plaintiff's failure to demonstrate this connection is fatal to her claims.

The Complaint further fails to allege concrete harm. Plaintiff's claims of barriers, such as "empty links" or "inaccessible documents". Compl., ¶¶ 48–51, are conclusory and lack factual specificity. There are no concrete examples of how these alleged barriers affected Plaintiff's ability to access or use Defendant's hotel services. Such threadbare assertions do not suffice under the pleading standards established by *Twombly*. 550 U.S. at 555. Moreover, Plaintiff's allegations amount to an informational injury, asserting incompatibility with screen reader software. Informational injuries unconnected to physical access or concrete harm are insufficient to sustain a claim under the ADA. *See Acheson Hotels*, 601 U.S. 1.

Plaintiff does not allege any intent to visit Defendant's physical location, nor does she claim that she was deterred from doing so because of the alleged website deficiencies. Without such allegations, Plaintiff's claims are legally insufficient.

Accordingly, the Complaint does not provide the factual basis required to support a plausible claim for relief under Rule 12(b)(6). The lack of specific allegations connecting the website's purported barriers to Plaintiff's access to the physical location warrants dismissal of the claims.

**2. Lack of Nexus Between the Website and the Physical Location**

Plaintiff's ADA and UCRA claims fail because the Complaint does not establish the necessary nexus between the alleged accessibility barriers on Defendant's Website, and Plaintiff's ability to access the goods and services offered at Defendant's physical hotel location. The Ninth Circuit has clearly held that claims alleging website accessibility barriers must demonstrate a connection between those barriers and the plaintiff's ability to physically access or use the goods and services of the associated location. *See Robles*, 913 F.3d at 905. In this case, Plaintiff fails to allege that she attempted to use the Website to engage with Defendant's physical hotel or was deterred from doing so because of the alleged barriers. The Complaint contains no allegations that Plaintiff attempted to make a reservation, obtain information about the hotel's amenities, or otherwise utilize the website to access services provided by the physical location. Without any such allegations, Plaintiff has not met the required showing of a nexus between the Website and the goods and services of Defendant's hotel. *See Id*.

Furthermore, Plaintiff fails to allege that she intended to visit Defendant's hotel or was discouraged from doing so because of the alleged deficiencies on the Website. Courts have consistently held that a plaintiff must demonstrate a plausible intent to return or attempt to access the goods and services of the physical location

to sustain an ADA claim. *See, e.g., Langer v. Pep Boys Manny Moe & Jack of California*, No. 20-CV-06015-DMR, 2021 U.S. Dist. LEXIS 8680, at *8 (N.D. Cal. Jan. 15, 2021). The Complaint's absence of allegations regarding intent or deterrence further underscores its failure to state a viable claim. The allegations related to the website's deficiencies—such as "empty links" and "inaccessible documents" (Complaint, ¶¶ 48–51)—are presented as general grievances, with no indication of how they impacted Plaintiff's ability to access Defendant's physical property or its services. Speculative and conclusory statements regarding Website barriers, without more, are insufficient to establish the required nexus. *See Iqbal*, 556 U.S. at 678.

Therefore, Plaintiff's failure to allege any attempted use of the website, intent to visit the hotel, or specific deterrence from accessing Defendant's goods and services renders her claims under the ADA and UCRA legally deficient. Without the essential connection between the Website and the physical location, Plaintiff's claims cannot proceed.

### 3. Speculative and Unsupported Allegations

The Complaint heavily relies on vague and conclusory assertions that lack sufficient factual detail or evidentiary support, failing to meet the requirements for plausibility under Rule 12(b)(6). While Plaintiff broadly alleges that Defendant's Website contains accessibility barriers—such as missing alt-text, inaccessible forms, empty links, and unreadable documents (Complaint, ¶¶ 48–51)—she does not provide any specifics about the location of these deficiencies, how they functionally prevent visually impaired individuals from accessing the Website, or how these deficiencies impaired her own ability to access Defendant's hotel or its services. Assertions of this nature, without more, amount to generalized informational grievances that are insufficient to state a claim. *See Iqbal*, 556 U.S.

at 678. Additionally, Plaintiff provides no factual allegations to substantiate claims that the purported barriers created significant barriers to her use of the Website. For example, while she refers to "empty links" and "unreadable documents" (Complaint, ¶¶ 50–51), Plaintiff fails to identify which specific links or documents are inaccessible and in what way they hindered her ability to navigate the website effectively. Without such detail, the allegations appear speculative and lack the required factual basis to establish a plausible claim. *See Twombly*, 550 U.S. at 555 (requiring factual allegations to "raise a right to relief above the speculative level").

Moreover, Plaintiff does not allege that she attempted to use the Website or interact with its features to access the services offered at Defendant's hotel, nor does she provide any examples of unsuccessful attempts to utilize the Website due to the alleged barriers. Courts have consistently rejected claims where plaintiffs fail to allege specific attempts to use a Website or demonstrate how the purported barriers affected their access to the goods and services of a physical location. *See Robles*, 913 F.3d at 905 (requiring a nexus between alleged barriers on a website and access to goods and services at the physical location). The absence of concrete facts in Plaintiff's allegations also forces the Court and Defendant to speculate about their significance and relevance.

In conclusion, Plaintiff's reliance on speculative, unsupported, and conclusory allegations falls far short of the standard for pleading a plausible claim. Without specific factual allegations identifying the alleged barriers, detailing their impact, or demonstrating how they impeded Plaintiff's access to Defendant's goods and services, the claims must be dismissed.

///

///

### 4. Informational Injury Does Not Constitute Concrete Harm

Plaintiff's claims are fundamentally based on an alleged informational injury, contending that certain features of Defendant's Website are incompatible with screen reader software. These purported barriers, which Plaintiff vaguely describes as "empty links" or "inaccessible documents" (Complaint, ¶¶ 48–51), allegedly impede visually impaired individuals from fully accessing the website. However, the ADA does not extend its protections to claims of purely informational injuries unconnected to physical access or tangible harm. *See Acheson Hotels, LLC v. Laufer*, 601 U.S. 1 (2023). To establish standing under the ADA, a plaintiff must allege specific, concrete harm arising from the alleged deficiencies, which is notably absent in this case.

The Complaint fails to explain how the Website's alleged incompatibility with screen reader software impacted Plaintiff's ability to access Defendant's physical hotel or its services. Merely asserting an informational injury—such as an inability to navigate or access information online—does not rise to the level of a cognizable injury under the ADA. *See Acheson Hotels*, 601 U.S. 1. The statute is designed to address barriers that prevent individuals with disabilities from equally accessing the goods and services of public accommodations, not to guarantee access to information in all forms. Furthermore, Plaintiff does not allege any specific instances in which the purported barriers prevented her from accessing necessary information related to Defendant's physical hotel, such as details about amenities, availability, or reservations. Without allegations of concrete harm—such as deterrence from visiting the hotel or interference with the ability to book a room—Plaintiff's claims fail to establish the injury-in-fact required for standing. *See Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019).

Courts have consistently rejected claims that hinge solely on alleged online barriers without any demonstrated nexus to physical access or concrete harm. For example, in *Langer v. Pep Boys Manny Moe & Jack of California*, No. 20-CV-06015-DMR, 2021 U.S. Dist. LEXIS 8680, at *8 (N.D. Cal. Jan. 15, 2021), the court dismissed an ADA claim where the plaintiff failed to allege that the purported online barriers impacted his ability to access goods or services at the associated physical location. Similarly, Plaintiff's failure to identify a tangible injury arising from the alleged deficiencies on Defendant's Website renders her claims legally insufficient. Finally, Plaintiff's lack of any allegation that she intended to visit Defendant's hotel, or was deterred from doing so because of the alleged barriers, further undermines her claims. Absent such allegations, her claims amount to nothing more than generalized grievances about the accessibility of the website, which are insufficient to support a claim under the ADA or UCRA. *See Twombly*, 550 U.S. at 555.

As such, Plaintiff's reliance on an alleged informational injury unconnected to any physical access or concrete harm cannot form the basis of a valid claim. The Complaint's failure to allege a specific, tangible injury stemming from the alleged barriers on the Website necessitates dismissal of Plaintiff's claims.

**5. Failure to Allege Intent to Access or Use Defendant's Services**

Plaintiff's Complaint is further deficient because it fails to allege any genuine intent to visit Defendant's hotel or utilize its services. For an ADA claim to be viable, courts have consistently required plaintiffs to demonstrate either an intent to access or a genuine deterrence from accessing the goods and services offered at a defendant's physical location. See *Langer v. Pep Boys Manny Moe & Jack of California*, No. 20-CV-06015-DMR, 2021 U.S. Dist. LEXIS 8680, at *8 (N.D. Cal. Jan. 15, 2021). The Complaint lacks any factual allegations showing

that Plaintiff had a specific desire or intention to visit Defendant's hotel, nor does it include any allegations that Plaintiff was deterred from accessing the hotel's services due to the website's alleged barriers. The absence of such allegations is particularly significant because intent to access or return is central to demonstrating standing under the ADA. Without asserting intent, Plaintiff's claims amount to a generalized grievance regarding website accessibility rather than a tangible harm tied to Defendant's physical property. Courts have regularly dismissed claims where plaintiffs fail to articulate specific intent to engage with the goods or services of the defendant's physical location. For example, in *Langer*, the court dismissed an ADA claim because the plaintiff's allegations merely identified a theoretical barrier but did not establish a concrete plan to return or intent to access the defendant's services. *See Id*.

Moreover, Plaintiff does not allege that she ever attempted to use the website to plan or facilitate access to Defendant's hotel. There are no allegations that Plaintiff tried to reserve a room for a specific date to visit San Diego, CA, but was thwarted by the purported website barriers. This lack of factual allegations undermines the plausibility of Plaintiff's claims and leaves the Court and Defendant without any factual basis to evaluate the alleged harm. See *Iqbal*, 556 U.S. at 678 (requiring claims to be supported by specific, non-conclusory allegations). Plaintiff also fails to allege deterrence, a critical component of ADA claims where no actual use or attempted use of the services occurred. For example, a plaintiff may satisfy the deterrence requirement by showing that the presence of barriers discouraged them from attempting to access the goods or services of a defendant's physical property. However, Plaintiff's Complaint contains no such actual concrete allegations of deterrence related to Defendant's hotel or services. Courts have repeatedly held that the absence of allegations regarding intent or

deterrence is fatal to ADA claims. See *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019). Finally, Plaintiff's broad and unsupported allegations fail to establish a connection to Defendant's services or demonstrate any individualized harm. Without allegations of intent to access Defendant's physical property, Plaintiff's claims cannot support standing under either the ADA or UCRA. This deficiency further highlights the speculative and conclusory nature of the Complaint.

Overall, Plaintiff's failure to allege any genuine intent to visit Defendant's hotel or use its services, or any plausible deterrence from doing so, renders her claims legally insufficient. The absence of these critical allegations warrants dismissal under Rule 12(b)(6).

### 6. Plaintiff's Unruh Act Claim Fails as a Matter of Law

Plaintiff's claim under the UCRA fails alongside her ADA claim. Courts routinely dismiss supplemental state law claims when federal claims are dismissed. See *Cullen v. Netflix, Inc.*, 600 F. App'x 508, 509 (9th Cir. 2015). However, even evaluating the Unruh Act claim independently, it fails on the merits for several reasons. First, as established in *Thurston v. Omni Hotels Mgmt. Corp.*, 69 Cal. App. 5th 299 (2021), a plaintiff must demonstrate a bona fide intent to use the goods or services of the defendant to sustain an Unruh Act claim. Nowhere in her Complaint does Plaintiff allege that she intended to purchase or reserve anything specific from Defendant's hotel. As discussed in previous sections, Plaintiff's allegations primarily focus on an informational injury stemming from her interaction with the Website, which is insufficient under both the ADA and the Unruh Act. Without alleging that she was a bona fide patron, Plaintiff's claim is defective on its face.

Additionally, Plaintiff cannot recover damages under the Unruh Act without

alleging that the violation denied her equal access to a public facility. *See Urhausen v. Longs Drug Stores Cal., Inc.*, 155 Cal. App. 4th 254, 265-66 (2007). In *Urhausen*, the court rejected the plaintiff's argument that the mere presence of a noncompliant condition, absent any impact on access, could sustain a claim. The court held that such an interpretation would improperly eliminate the distinction between a cause of action for damages under section 54.3 of the California Civil Code and equitable relief under section 55. *Id.* Applying this standard, Plaintiff's argument amounts to no more than an assertion that website accessibility standards were allegedly violated, without explaining how these purported violations denied her equal access to Defendant's physical hotel or its services.

      Furthermore, while Plaintiff alleges that she encountered difficulties with her screen-reader software when navigating Defendant's Website, she fails to demonstrate how these alleged barriers prevented her from accessing the physical hotel or engaging with its services. There is no allegation that Plaintiff attempted to book a specific reservation at the hotel, nor does Plaintiff explain how any specific coding errors caused her to be denied access to the actual brick-and-mortar hotel. Even assuming some incompatibility with screen-reader software existed, this alone does not satisfy the requirement for actual denial of equal access under the Unruh Act. Lastly, because Plaintiff's Unruh Act claim is predicated entirely on an alleged violation of the ADA, and because no viable ADA claim exists, her Unruh Act claim necessarily fails. See *Cullen*, 600 F. App'x at 509. Without a valid federal claim or tangible harm tied to Defendant's physical property, Plaintiff cannot state a plausible claim under the Unruh Act. For these reasons, Plaintiff's Unruh Act claim is dismissed with prejudice.

///

///

## IV. CONCLUSION

Based on the foregoing, Plaintiff's Complaint fails to state a claim under the ADA or UCRA. The Complaint is predicated on speculative and conclusory allegations, lacks the necessary nexus between Defendant's Website and its physical location, and fails to allege concrete harm or intent to access Defendant's services. Without a viable federal claim under the ADA, Plaintiff's Unruh Act claim likewise fails as it is entirely derivative of the ADA claim and lacks independent merit. Accordingly, the Court hereby dismisses Plaintiff's Complaint in its entirety, with prejudice.

**IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss is GRANTED, and Plaintiff's Complaint is DISMISSED in its entirety with prejudice.
2. The Clerk of the Court is directed to close the case.

Dated:

_____
JUDGE OF THE CENTRAL DISTRICT OF CALIFORNIA
Hon. Fernando L Aenlle-Rocha

# PROOF OF SERVICE

I, the undersigned, certify under penalty of perjury that on March 21, 2025 or as soon as possible thereafter, copies of the foregoing Notice of Motion to Dismiss, Memorandum of Points and Authorities, Request for Judicial Notice, Declaration of Matthew Arnold, and Proposed Order were served electronically by ECF.

By: /s/ *Philip H. Stillman*
For Defendant