Philip H. Stillman, Esq. SBN# 152861
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Tel. and Fax: (888) 235-4279
pstillman@stillmanassociates.com

Attorneys for Defendant

Noble House Hotels & Resorts, L.P.

D.B.A. Mission Bay Resort

## UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aderiyike Lawal an individual,<br><br>Plaintiff,<br><br>v.<br><br>Noble House Hotels & Resorts, L.P. D.B.A. Mission Bay Resort, a Texas Limited Partnership, and Does 1-10<br><br>Defendants | Case No.:  2:24-cv-10038-FLA-AJR<br><br>Assigned to Department: Courtroom 6B<br>Honorable Judge: Fernando L. Aenlle-Rocha<br><br>**DEFENDANT'S ANSWER TO THE FIRST AMENDED COMPLAINT OF PLAINTIFF**<br><br>First Amended Complaint Filed:  May 5, 2025<br><br>Trial Date:     None set |

Defendant Noble House Hotels & Resorts, L.P., doing business as Mission Bay Resort ("Defendant"), hereby submits this Answer to Plaintiff's First Amended Complaint ("FAC") pursuant to Rule 8(b) of the Federal Rules of Civil Procedure. Defendant responds to the allegations set forth in the FAC by paragraph number as follows, and denies each and every allegation therein except as expressly admitted.

---

**RESPONSE TO ALLEGATIONS IN FAC**

1.      In response to paragraph 1 of Plaintiff's First Amended Complaint, Defendant denies that Plaintiff has accurately stated the law and denies any implication that Defendant's Website or business practices violate the Americans with Disabilities Act ("ADA") or any other applicable law. Defendant denies the allegations in paragraph 1 in their entirety.

2.      In response to paragraph 2 of Plaintiff's First Amended Complaint, Defendant denies that Plaintiff has accurately stated the law and denies any implication that Defendant's Website or business practices violate the ADA or any other applicable law. Defendant denies the allegations in paragraph 2 in their entirety.

3.      In response to paragraph 3 of Plaintiff's First Amended Complaint, Defendant denies that Plaintiff has accurately stated the law and denies any implication that Defendant's Website or business practices violate the ADA or any other applicable law. Defendant denies the allegations in paragraph 3 in their entirety.

4.      In response to paragraph 4 of Plaintiff's First Amended Complaint, Defendant admits that it owns and operates Mission Bay Resort, a hotel located in California, which is open to the public and offers lodging and dining services. Defendant denies all remaining allegations and characterizations, including any implication that its operations violate accessibility laws.

5.      In response to paragraph 5 of Plaintiff's First Amended Complaint, Defendant admits that Mission Bay Resort is located in San Diego, California and offers guest rooms, amenities, and services to the public, including overnight lodging, dining facilities, and event spaces. Defendant denies any implication that such offerings are inaccessible or noncompliant with applicable law.

6.      In response to paragraph 6 of Plaintiff's First Amended Complaint, Defendant admits that it owns and operates the Website www.missionbayresort.com, which provides information about its physical hotel location. Defendant denies that the Website is inaccessible or that it fails to provide meaningful access to visually impaired individuals. All remaining allegations are denied.

7.      In response to paragraph 7 of Plaintiff's First Amended Complaint, Defendant admits that the Website allows users to book guest rooms, view room types, rates, availability,

photos, policies, and contact information. Defendant denies that such features are inaccessible to individuals using screen reader technology or that the Website fails to comply with applicable accessibility standards. All remaining allegations are denied.

8.      In response to paragraph 8 of Plaintiff's First Amended Complaint, Defendant denies that its Website contains "significant access barriers" or that it is impossible for visually impaired customers to properly and fully utilize the Website. Defendant further denies that Plaintiff was unable to access information regarding booking, pricing, or accommodations due to any alleged inaccessibility.

9.      In response to paragraph 9 of Plaintiff's First Amended Complaint, Defendant denies that its Website is "heavily integrated" with its physical location in a manner that renders it a "service" of the Hotel under Title III of the ADA. Defendant avers that the Website is informational and supplemental, and that reservations and inquiries may be made via accessible alternative means. All remaining allegations are denied.

10.      In response to paragraph 10 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to admit or deny Plaintiff's alleged intent to book a stay or the number of times she visited the Website, and on that basis denies the allegations. Defendant denies that Plaintiff was unable to obtain reservation-related information due to any Website barrier and denies any implication that the Website impeded access to the Hotel's services.

11.      In response to paragraph 11 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to admit or deny Plaintiff's alleged travel plans or preferences and therefore denies the allegations. Defendant denies that its Hotel was inaccessible or that Plaintiff was deterred from booking due to any unlawful conduct.

12.      In response to paragraph 12 of Plaintiff's First Amended Complaint, Defendant denies that Plaintiff was unable to review room availability, pricing, or accessibility features on the Website. Defendant avers that such information is available and accessible through multiple channels, including telephone and email. All remaining allegations are denied.

13.      In response to paragraph 13 of Plaintiff's First Amended Complaint, Defendant denies that it failed to comply with the ADA or any applicable accessibility guidelines. Defendant further denies that Plaintiff was unable to navigate the Website or obtain booking information, and denies that any alleged barriers deterred Plaintiff from visiting the Hotel.

14.      In response to paragraph 14 of Plaintiff's First Amended Complaint, Defendant denies that its Website is inaccessible or that Plaintiff experienced frustration, embarrassment, or

deterrence due to any alleged accessibility barriers. Defendant denies all remaining allegations in paragraph 14.

16. In response to paragraph 15 of Plaintiff's First Amended Complaint, Defendant denies that Plaintiff remains deterred from visiting the Hotel due to Website accessibility issues. Defendant further denies that its Website is inaccessible or that Plaintiff was unable to plan a weekend getaway due to any conduct by Defendant.

16. In response to paragraph 16 of Plaintiff's First Amended Complaint, Defendant denies that Plaintiff was unable to access information about live music events or other amenities due to Website inaccessibility. Defendant avers that such information is publicly available and accessible through multiple means. All remaining allegations are denied.

17. In response to paragraph 17 of Plaintiff's First Amended Complaint, Defendant denies that Plaintiff was unable to access information regarding ADA-accessible areas or Hearing Accessible Rooms on the Website. Defendant avers that accessibility-related information is available and readily accessible to all users, including those utilizing screen reader technology. Defendant denies that any such information is withheld from visually impaired individuals or that Plaintiff was unable to assess whether the Hotel could accommodate her needs. All remaining allegations are denied.

18. In response to paragraph 18 of Plaintiff's First Amended Complaint, Defendant admits that Mission Bay Resort is located in San Diego, California and is situated near the water. Defendant further admits that the Hotel offers scenic views of the surrounding area. Defendant lacks sufficient information to admit or deny Plaintiff's personal preferences or motivations for selecting the Hotel and therefore denies the remaining allegations.

19. In response to paragraph 19 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to admit or deny the travel preferences or accessibility needs of Plaintiff's family and therefore denies the allegations. Defendant denies that its Hotel is inaccessible or that its location alone renders it a preferred destination for any specific group.

20. In response to paragraph 20 of Plaintiff's First Amended Complaint, Defendant denies that its Website is inaccessible to individuals with visual impairments or that it has failed to implement reasonable modifications. Defendant avers that it provides auxiliary aids and alternative access methods consistent with ADA requirements. All remaining allegations are denied.

21. In response to paragraph 21 of Plaintiff's First Amended Complaint, Defendant denies that Plaintiff was previously deterred from visiting Defendant's Hotel due to the alleged

-4-

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

inaccessibility of its Website. Defendant further denies that Plaintiff has actual knowledge of any barriers on the Website or that she is likely to re-encounter such barriers. All remaining allegations are denied.

22.   In response to paragraph 22 of Plaintiff's First Amended Complaint, Defendant denies that Plaintiff intends to use the Website in the near future or that she continues to be denied access due to unresolved barriers. Defendant further denies that any court order is necessary to ensure compliance with accessibility standards. All remaining allegations are denied.

23.   In response to paragraph 23 of Plaintiff's First Amended Complaint, Defendant denies that it has failed to ensure digital accessibility or that Plaintiff is at risk of future discriminatory experiences. Defendant denies that it has actual knowledge of any unresolved accessibility issues and denies any allegation suggesting a pattern of ongoing discrimination. All remaining allegations are denied.

24.   In response to paragraph 24 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to admit or deny Plaintiff's alleged travel plans and preferences and therefore denies the allegations. Defendant denies that its Website contains unresolved accessibility barriers or that Plaintiff will suffer future injury or discrimination.

25.   In response to paragraph 25 of Plaintiff's First Amended Complaint, Defendant denies that Plaintiff communicated with Defendant in a manner that provided sufficient notice or opportunity to cure any alleged Website violations. Defendant further denies that any communication barriers exist on its Website or that Plaintiff was unable to obtain assistance from customer service. Defendant lacks sufficient information to admit or deny the specific dates or content of Plaintiff's alleged communications and therefore denies the remaining allegations.

26.   In response to paragraph 26 of Plaintiff's First Amended Complaint, Defendant denies that its Website contains significant access barriers or that it is impossible for visually impaired customers to properly and fully utilize the Website. Defendant further denies that Plaintiff was unable to access information regarding booking, pricing, dining, spa, lodging, or other services due to any alleged inaccessibility.

27.   In response to paragraph 27 of Plaintiff's First Amended Complaint, Defendant denies that its Website contains the alleged barriers, including lack of alt-text, inaccessible forms, inadequate labeling, denial of keyboard access, empty links, or unreadable documents. Defendant avers that its Website is designed to be accessible and usable by individuals employing screen reader technology and other assistive tools. All remaining allegations are denied.

28.     In response to paragraph 28 of Plaintiff's First Amended Complaint, Defendant denies that it excludes visually impaired individuals from full and equal participation in the digital marketplace. Defendant further denies that its Website impedes access to goods or services or that it fails to accommodate assistive technology users. All remaining allegations are denied.

29.     In response to paragraph 29 of Plaintiff's First Amended Complaint, Defendant denies that it has failed to design, construct, maintain, or operate its Website in a manner that is accessible to visually impaired individuals. Defendant further denies that it has disregarded industry standards or failed to implement reasonable accessibility features. All remaining allegations are denied.

30.     In response to paragraph 30 of Plaintiff's First Amended Complaint, Defendant denies that individuals with disabilities are unable to book a stay, verify accessibility features, or obtain necessary information about the Hotel's accommodations. Defendant avers that such information is available through multiple accessible channels. All remaining allegations are denied.

31.     In response to paragraph 31 of Plaintiff's First Amended Complaint, Defendant denies that the Website's alleged inaccessibility acts as a barrier to physically accessing the Hotel or that Plaintiff or others are deterred from making reservations. Defendant further denies that it has violated the Unruh Civil Rights Act or that Plaintiff has standing under that statute based on the allegations presented. All remaining allegations are denied.

32.     In response to paragraph 32 of Plaintiff's First Amended Complaint, Defendant denies that its Website is inaccessible or that it excludes individuals with disabilities from services or benefits available to the general public. Defendant further denies any violation of the Americans with Disabilities Act ("ADA").

33.     In response to paragraph 33 of Plaintiff's First Amended Complaint, Defendant denies that it has failed to design, construct, maintain, or operate its Website in a manner that is accessible to visually impaired individuals. Defendant avers that it has implemented reasonable accessibility features and denies all remaining allegations.

34.     In response to paragraph 34 of Plaintiff's First Amended Complaint, Defendant denies that it has denied full and equal access to its Website or services, and denies that it has violated the rights of Plaintiff or any putative class members under the ADA or California's Unruh Civil Rights Act ("UCRA").

35.     In response to paragraph 35 of Plaintiff's First Amended Complaint, Defendant admits that Title III of the ADA and the UCRA prohibit discrimination against individuals with

disabilities and require places of public accommodation to provide auxiliary aids and services. Defendant denies that it has failed to comply with these mandates and denies all remaining allegations in paragraph 35.

36.    In response to paragraph 36 of Plaintiff's First Amended Complaint, Defendant denies that Plaintiff or any putative class members are unable to independently navigate, browse, use, access, or complete transactions on its Website due to alleged access barriers. Defendant further denies that any such barriers exist or that Plaintiff will be unable to visit the Hotel or access its services. All remaining allegations are denied.

37.    In response to paragraph 37 of Plaintiff's First Amended Complaint, Defendant admits that this Court has subject-matter jurisdiction over claims arising under Title III of the ADA pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12181 et seq. Defendant denies that Plaintiff has stated a valid claim under the ADA or the Unruh Civil Rights Act and denies that supplemental jurisdiction is appropriate under 28 U.S.C. § 1367 for any deficient or derivative state law claims.

38.    In response to paragraph 38 of Plaintiff's First Amended Complaint, Defendant admits that it conducts business in California and that its Website is accessible throughout the state. Defendant denies that it has committed any acts in violation of Plaintiff's rights or that it has caused injury to Plaintiff or any putative class members. All remaining allegations are denied.

39.    In response to paragraph 39 of Plaintiff's First Amended Complaint, Defendant admits that venue is proper in this District under 28 U.S.C. § 1391. Defendant denies that it has engaged in any unlawful conduct within this District or that Plaintiff has suffered injury as a result of Defendant's actions. All remaining allegations are denied.

40.    In response to paragraph 40 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to admit or deny Plaintiff's residency and therefore denies the allegations.

41.    In response to paragraph 41 of Plaintiff's First Amended Complaint, Defendant admits that Plaintiff alleges she is blind and uses screen reader software. Defendant lacks sufficient information to admit or deny Plaintiff's specific knowledge of accessibility tools and therefore denies the remaining allegations.

42.    In response to paragraph 42 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to admit or deny Plaintiff's alleged intent to visit Defendant's physical locations for a weekend getaway and therefore denies the allegations. Defendant denies that Plaintiff was unable to do so due to any alleged access barriers on the Website.

43.     In response to paragraph 43 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to admit or deny the identities, residency, or experiences of any unnamed class plaintiffs and therefore denies the allegations. Defendant denies that any such individuals encountered access barriers or were deterred from visiting Defendant's physical locations.

44.     In response to paragraph 44 of Plaintiff's First Amended Complaint, Defendant admits that its Website allows users to book guest rooms, check rates and availability, view photos and descriptions of accommodations, learn about hotel policies, contact the hotel, and access promotional offers. Defendant denies that the Website is inaccessible to visually impaired individuals or that it fails to provide meaningful access to any of the listed features.

45.     In response to paragraph 45 of Plaintiff's First Amended Complaint, Defendant admits that its Website provides essential information about its physical location and services. Defendant denies that the Website is inaccessible or that it fails to serve as a usable platform for guests with visual impairments. Defendant denies that the Website is a "service" of the Hotel within the meaning of Title III of the ADA.

46.     In response to paragraph 46 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to admit or deny Plaintiff's alleged intent to book a stay at Defendant's Hotel or the number of times she visited the Website, and therefore denies the allegations. Defendant denies that Plaintiff was unable to obtain reservation-related information due to any Website barrier and denies any implication that the Website impeded access to the Hotel's services.

47.     In response to paragraph 47 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to admit or deny Plaintiff's alleged travel plans or preferences and therefore denies the allegations. Defendant denies that its Hotel was inaccessible or that Plaintiff was deterred from booking due to any unlawful conduct.

48.     In response to paragraph 48 of Plaintiff's First Amended Complaint, Defendant denies that Plaintiff was unable to review room availability, pricing, accessibility features, or other important information on the Website. Defendant avers that such information is available and accessible through multiple channels, including telephone and email. All remaining allegations are denied.

49.     In response to paragraph 49 of Plaintiff's First Amended Complaint, Defendant denies that it failed to comply with the ADA or any applicable accessibility guidelines. Defendant further denies that Plaintiff was unable to navigate the Website or obtain booking information, and

denies that any alleged barriers deterred Plaintiff from visiting the Hotel.

50.    In response to paragraph 50 of Plaintiff's First Amended Complaint, Defendant denies that its Website is inaccessible or that Plaintiff experienced frustration, embarrassment, or deterrence due to any alleged accessibility barriers. Defendant denies all remaining allegations in paragraph 50.

51.    In response to paragraph 51 of Plaintiff's First Amended Complaint, Defendant denies that Plaintiff remains deterred from visiting the Hotel due to Website accessibility issues. Defendant further denies that its Website is inaccessible or that Plaintiff was unable to plan a weekend getaway due to any conduct by Defendant.

52.    In response to paragraph 52 of Plaintiff's First Amended Complaint, Defendant denies that Plaintiff was previously deterred from visiting Defendant's Hotel due to the alleged inaccessibility of its Website. Defendant further denies that Plaintiff has actual knowledge of any barriers on the Website or that she is likely to re-encounter such barriers. All remaining allegations are denied.

53.    In response to paragraph 53 of Plaintiff's First Amended Complaint, Defendant denies that Plaintiff intends to use the Website in the near future or that she continues to be denied access due to unresolved barriers. Defendant further denies that any court order is necessary to ensure compliance with accessibility standards. All remaining allegations are denied.

54.    In response to paragraph 54 of Plaintiff's First Amended Complaint, Defendant denies that it has failed to ensure digital accessibility or that Plaintiff is at risk of future discriminatory experiences. Defendant denies that it has actual knowledge of any unresolved accessibility issues and denies any allegation suggesting a pattern of ongoing discrimination. All remaining allegations are denied.

55.    In response to paragraph 55 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to admit or deny Plaintiff's alleged travel plans and preferences and therefore denies the allegations. Defendant denies that its Website contains unresolved accessibility barriers or that Plaintiff will suffer future injury or discrimination.

56.    In response to paragraph 56 of Plaintiff's First Amended Complaint, Defendant denies that Plaintiff was unable to access information concerning Defendant's services, offers, goods, or promotions due to any alleged Website inaccessibility. Defendant further denies that Plaintiff was unable to access the Website independently or fully, and denies that any such barriers exist.

57.     In response to paragraph 57 of Plaintiff's First Amended Complaint, Defendant denies that any alleged access barriers deterred Plaintiff from visiting Defendant's brick-and-mortar locations. Defendant further denies that its Website is inaccessible or that it impedes physical access to its Hotel.

58.     In response to paragraph 58 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to admit or deny Plaintiff's alleged attempts to access the Website on six occasions between March 2024 and the present, and therefore denies the allegations. Defendant denies that Plaintiff was unable to obtain information due to any unlawful conduct by Defendant.

59.     In response to paragraph 59 of Plaintiff's First Amended Complaint, Defendant denies that Plaintiff was unable to independently and fully access information available to the general public through its Website. Defendant further denies that its Website contains communication barriers or that Plaintiff was unable to access contact information or details related to Defendant's services.

60.     In response to paragraph 60 of Plaintiff's First Amended Complaint, Defendant denies that Plaintiff was unable to make a reservation or review goods and services due to communication barriers on the Website. Defendant avers that such information is available through multiple accessible channels. All remaining allegations are denied.

61.     In response to paragraph 61 of Plaintiff's First Amended Complaint, Defendant admits that it owns and operates hotels in California that are open to the public and offer lodging and dining services. Defendant denies all remaining allegations, including any implication that its hotels or Website are inaccessible or noncompliant with applicable law.

62.     In response to paragraph 62 of Plaintiff's First Amended Complaint, Defendant admits that it operates and maintains the Website www.missionbayresort.com and that the Website provides information about its physical hotel location. Defendant denies that the Website is inaccessible or that it fails to provide meaningful access to visually impaired individuals. All remaining allegations are denied.

63.     In response to paragraph 63 of Plaintiff's First Amended Complaint, Defendant admits that it conducts business in Los Angeles, California. Defendant denies all remaining allegations.

64.     In response to paragraph 64 of Plaintiff's First Amended Complaint, Defendant admits that it maintains and controls the Website. Defendant denies that the Website gives rise to any violations of law and denies all remaining allegations.

65.      In response to paragraph 65 of Plaintiff's First Amended Complaint, Defendant admits that its brick-and-mortar hotel locations are places of public accommodation under 42 U.S.C. § 12181(7) and California Civil Code § 51 et seq. Defendant denies that its Website is a "service, privilege, or advantage" of its physical locations within the meaning of Title III of the ADA or the Unruh Civil Rights Act. Defendant denies all remaining allegations.

66.      In response to paragraph 66 of Plaintiff's First Amended Complaint, Defendant denies that its Website contains access barriers that have denied Plaintiff full and equal access or enjoyment of goods and services offered at Defendant's physical locations. Defendant further denies that Plaintiff has been deterred from accessing the Website or Hotel due to any alleged inaccessibility.

67.      In response to paragraph 67 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to admit or deny the identities or capacities of any fictitiously named defendants and therefore denies the allegations.

68.      In response to paragraph 68 of Plaintiff's First Amended Complaint, Defendant denies that any fictitiously named defendants are responsible for unlawful acts as alleged. Defendant further denies that Plaintiff is entitled to amend the complaint to name additional defendants.

69.      In response to paragraph 69 of Plaintiff's First Amended Complaint, Defendant denies that any other defendants acted as agents, servants, or employees of Defendant or that any alleged acts or omissions were ratified by Defendant. Defendant denies all remaining allegations.

70.      In response to paragraph 70 of Plaintiff's First Amended Complaint, Defendant admits that Plaintiff refers to all named and fictitious defendants collectively as "Defendants." Defendant denies that any fictitious defendants are properly named or liable.

71.      In response to paragraph 71 of Plaintiff's First Amended Complaint, Defendant admits that it operates brick-and-mortar hotel locations that offer services and goods to the general public. Defendant denies all remaining allegations.

72.      In response to paragraph 72 of Plaintiff's First Amended Complaint, Defendant admits that its Website offers features that allow consumers to access information about its hotel services. Defendant denies that the Website is inaccessible or that it fails to provide meaningful access to visually impaired individuals. All remaining allegations are denied.

73.      In response to paragraph 73 of Plaintiff's First Amended Complaint, Defendant admits that customers use its Website to access services available at its hotel locations. Defendant

denies that the Website is inaccessible or that it impedes access to such services.

74.    In response to paragraph 74 of Plaintiff's First Amended Complaint, Defendant denies that it has a policy or practice of denying access to visually impaired users or that it has intentionally excluded such individuals from its services. Defendant denies all remaining allegations.

75.    In response to paragraph 75 of Plaintiff's First Amended Complaint, Defendant denies that it has failed or refused to remove access barriers from its Website or that Plaintiff and any putative class members have been denied equal access to Defendant's hotel locations or services. Defendant denies all remaining allegations.

76.    In response to paragraph 76 of Plaintiff's First Amended Complaint, Defendant admits that the Internet is a significant source of information for conducting business and everyday activities. Defendant further admits that accessible websites can provide independence to individuals with disabilities. Defendant denies all remaining allegations, including any implication that its Website fails to meet accessibility standards.

77.    In response to paragraph 77 of Plaintiff's First Amended Complaint, Defendant admits that visually impaired individuals use screen reader technology to access websites. Defendant denies that its Website is incompatible with such technology and denies all remaining allegations.

78.    In response to paragraph 78 of Plaintiff's First Amended Complaint, Defendant admits that screen reader technology is a primary method for visually impaired individuals to access the Internet. Defendant lacks sufficient information to admit or deny Plaintiff's specific reliance on screen readers and therefore denies the remaining allegations.

79.    In response to paragraph 79 of Plaintiff's First Amended Complaint, Defendant admits that for screen reader technology to function properly, website content must be capable of being rendered into meaningful text. Defendant denies that its Website is constructed in a manner that prevents such rendering and denies all remaining allegations.

80.    In response to paragraph 80 of Plaintiff's First Amended Complaint, Defendant admits that the Web Accessibility Initiative (WAI) of the World Wide Web Consortium has developed guidelines for website accessibility. Defendant denies that it has failed to consider or implement such guidelines and denies all remaining allegations.

81.    In response to paragraph 81 of Plaintiff's First Amended Complaint, Defendant admits that the federal government has promulgated accessibility standards under Section 508 of

the Rehabilitation Act. Defendant denies that it is subject to Section 508 or that it has failed to consider applicable standards. All remaining allegations are denied.

82.    In response to paragraph 82 of Plaintiff's First Amended Complaint, Defendant denies that its Website lacks the basic components necessary for accessibility, including alt-text, keyboard functionality, and navigable content. Defendant denies that its Website is inaccessible to screen reader users and denies all remaining allegations.

83.    In response to paragraph 83 of Plaintiff's First Amended Complaint, Defendant denies that it has a policy or practice of denying visually impaired individuals full access to its Website or services. Defendant denies all remaining allegations.

84.    In response to paragraph 84 of Plaintiff's First Amended Complaint, Defendant denies that it prevents visually impaired individuals from freely navigating its Website or accessing services and information. Defendant denies all remaining allegations.

85.    In response to paragraph 85 of Plaintiff's First Amended Complaint, Defendant denies that its Website contains pervasive access barriers, including lack of alt-text, inaccessible forms, inadequate labeling, denial of keyboard access, empty links, or unreadable documents. Defendant avers that its Website is designed to be accessible and usable by individuals employing screen reader technology and other assistive tools. All remaining allegations are denied.

86.    In response to paragraph 86 of Plaintiff's First Amended Complaint, Defendant admits that alternative text ("alt-text") is invisible code embedded beneath graphical images on a website and that screen readers can vocalize alt-text to describe images to blind users. Defendant denies that its Website lacks alt-text on important graphics or that visually impaired customers are unable to effectively determine what is on the Website. Defendant denies all remaining allegations.

87.    In response to paragraph 87 of Plaintiff's First Amended Complaint, Defendant denies that its Website includes numerous instances of empty links and headings that prevent visually impaired individuals from recognizing their function or purpose. Defendant denies that such features introduce confusion for screen reader users and denies all remaining allegations.

88.    In response to paragraph 88 of Plaintiff's First Amended Complaint, Defendant denies that its Website contains links to documents in inaccessible formats, including PDFs, that cannot be competently read by screen readers. Defendant further denies that any such documents contain essential information that is unavailable to visually impaired users. Defendant denies all remaining allegations.

89.    In response to paragraph 89 of Plaintiff's First Amended Complaint, Defendant

denies that there are functions on its Website that cannot be performed using a keyboard and screen reader. Defendant denies that any such limitations prevent access to information about services, goods, promotions, or offers. All remaining allegations are denied.

90.    In response to paragraph 90 of Plaintiff's First Amended Complaint, Defendant denies that visually impaired customers cannot independently investigate services and programs offered via the Website. Defendant denies that its Website is inaccessible or that it treats visually impaired users differently than sighted individuals.

91.    In response to paragraph 91 of Plaintiff's First Amended Complaint, Defendant denies that its Website contains significant access barriers or that Plaintiff and putative class members are denied full and equal access to Defendant's services. Defendant denies all remaining allegations.

92.    In response to paragraph 92 of Plaintiff's First Amended Complaint, Defendant denies that Plaintiff and putative class members are unable to visit Defendant's physical locations due to alleged Website barriers. Defendant denies that Plaintiff intended to visit the Hotel but was prevented from doing so by Website inaccessibility. All remaining allegations are denied.

93.    In response to paragraph 93 of Plaintiff's First Amended Complaint, Defendant denies that Plaintiff communicated with Defendant in a manner that provided sufficient notice or opportunity to cure any alleged Website violations. Defendant lacks sufficient information to admit or deny the existence or content of any letter allegedly sent in July 2024 and therefore denies the allegations. Defendant denies that it ignored Plaintiff's feedback or that Plaintiff was forced to seek legal action due to Defendant's conduct.

94.    In response to paragraph 94 of Plaintiff's First Amended Complaint, Defendant denies that Plaintiff has personally patronized the Website or intends to do so in the future. Defendant denies that Plaintiff will continue to be denied access or deterred from using the Website unless injunctive relief is granted. All remaining allegations are denied.

95.    In response to paragraph 95 of Plaintiff's First Amended Complaint, Defendant denies that Plaintiff attempted to do business with Defendant in late 2024 or that she encountered barriers to access. Defendant denies that Plaintiff has been denied full and equal access to the Website and denies all remaining allegations.

96.    In response to paragraph 96 of Plaintiff's First Amended Complaint, Defendant denies that its Website is inaccessible or that Plaintiff and putative class members are unable to independently navigate the Website, review goods and services, or access information. Defendant

denies all remaining allegations.

97.    In response to paragraph 97 of Plaintiff's First Amended Complaint, Defendant denies that Plaintiff has actual knowledge of access barriers on the Website or that such barriers make services inaccessible or unusable by blind and visually impaired individuals. Defendant denies all remaining allegations.

98.    In response to paragraph 98 of Plaintiff's First Amended Complaint, Defendant admits that there are publicly available guidelines for designing accessible websites. Defendant denies that it has failed to consider or implement such guidelines and denies that accessibility improvements would not impose any burden. Defendant denies all remaining allegations.

99.    In response to paragraph 99 of Plaintiff's First Amended Complaint, Defendant denies that it has engaged in intentional discrimination or adopted policies or practices that exclude visually impaired individuals. Defendant denies that its Website is inaccessible or that it has failed to take corrective action. All remaining allegations are denied.

100.    In response to paragraph 100 of Plaintiff's First Amended Complaint, Defendant denies that its Website has never been equally accessible or that it lacks a corporate policy reasonably calculated to ensure accessibility. Defendant denies that it uses standards, criteria, or methods of administration that discriminate or perpetuate discrimination. All remaining allegations are denied.

101.    In response to paragraph 101 of Plaintiff's First Amended Complaint, Defendant denies that it lacks a plan or policy reasonably calculated to make its Website fully and equally accessible. Defendant denies all remaining allegations.

102.    In response to paragraph 102 of Plaintiff's First Amended Complaint, Defendant denies that Plaintiff or putative class members will continue to be unable to use the Website absent injunctive relief. Defendant denies all remaining allegations.

103.    In response to paragraph 103 of Plaintiff's First Amended Complaint, Defendant denies that Plaintiff is entitled to class certification under California Code of Civil Procedure § 382 or Civil Code § 1781. Defendant denies that the proposed class is ascertainable or that Plaintiff is similarly situated to other individuals. Defendant denies all remaining allegations.

104.    In response to paragraph 104 of Plaintiff's First Amended Complaint, Defendant denies that Plaintiff may reserve the right to expand, limit, modify, or amend the class definition. Defendant denies that class treatment is appropriate or that Plaintiff has stated a viable class claim. All remaining allegations are denied.

105.    In response to paragraph 105 of Plaintiff's First Amended Complaint, Defendant denies that there are common questions of law or fact that predominate or support class certification. Defendant denies each subpart (a) through (g) and denies that Plaintiff or any putative class member has been denied access to the Website or services in violation of the ADA or Unruh Civil Rights Act.

106.    In response to paragraph 106 of Plaintiff's First Amended Complaint, Defendant denies that the members of the proposed class are so numerous that joinder is impracticable. Defendant lacks sufficient information to admit or deny the number of individuals who may fall within Plaintiff's proposed class and therefore denies the allegations. Defendant denies that class treatment is appropriate or that disposition via class action would benefit the parties or the Court.

107.    In response to paragraph 107 of Plaintiff's First Amended Complaint, Defendant denies that Plaintiff's claims are typical of any proposed class members. Defendant denies that Plaintiff has suffered any injury or that she is similarly situated to others. All remaining allegations are denied.

108.    In response to paragraph 108 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to admit or deny whether Plaintiff has previously filed a class action based on the allegations in this Complaint and therefore denies the allegations.

109.    In response to paragraph 109 of Plaintiff's First Amended Complaint, Defendant denies that Plaintiff will fairly and adequately protect the interests of any proposed class. Defendant denies that Plaintiff has retained competent counsel or that there is no hostility between Plaintiff and unnamed class members. Defendant denies that this litigation is manageable as a class action.

110.    In response to paragraph 110 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to admit or deny the qualifications or litigation history of Beverly Hills Trial Attorneys, P.C., and therefore denies the allegations. Defendant denies that Plaintiff's counsel is competent to represent a class or that class certification is appropriate.

111.    In response to paragraph 111 of Plaintiff's First Amended Complaint, Defendant denies that a class action is superior to other available methods for adjudicating this controversy. Defendant denies that individual damages are too small to justify separate actions or that class treatment would avoid inconsistent adjudications. Defendant denies all remaining allegations.

112.    In response to paragraph 112 of Plaintiff's First Amended Complaint, Defendant denies that the proposed class is readily definable or that class treatment would reduce the

possibility of repetitious litigation. Defendant denies that Plaintiff has identified a viable class or
that this matter is suitable for class action treatment.

113.     In response to paragraph 113 of Plaintiff's First Amended Complaint, Defendant
denies that separate actions would create a risk of inconsistent rulings or incompatible standards of
conduct. Defendant denies that individual actions would be dispositive of the interests of unnamed
class members. All remaining allegations are denied.

114.     In response to paragraph 114 of Plaintiff's First Amended Complaint, Defendant
denies that its conduct is generally applicable to the proposed class or that equitable relief is
appropriate on a class-wide basis. Defendant denies all remaining allegations.

115.     In response to paragraph 115 of Plaintiff's First Amended Complaint, Defendant
incorporates by reference its responses to all preceding paragraphs. Defendant denies that Plaintiff
is entitled to relief under the Americans with Disabilities Act or any other statute. Defendant denies
all remaining allegations.

116.     In response to paragraph 116 of Plaintiff's First Amended Complaint, Defendant
admits that Section 302(a) of Title III of the ADA, 42 U.S.C. § 12182(a), provides that no
individual shall be discriminated against on the basis of disability in the full and equal enjoyment
of goods, services, facilities, privileges, advantages, or accommodations of any place of public
accommodation. Defendant denies that it has violated this provision or that its Website or business
practices constitute discrimination under the ADA.

117.     In response to paragraph 117 of Plaintiff's First Amended Complaint, Defendant
admits that Section 302(b)(2) of Title III of the ADA identifies certain forms of unlawful
discrimination, including failure to make reasonable modifications and failure to provide auxiliary
aids and services, unless such modifications would fundamentally alter the nature of the goods or
services or impose an undue burden. Defendant denies that it has failed to comply with these
provisions or that its Website is inaccessible. All remaining allegations are denied.

118.     In response to paragraph 118 of Plaintiff's First Amended Complaint, Defendant
denies that its Website is inaccessible or that it constitutes a service of a public accommodation
within the meaning of the ADA. Defendant denies that visually impaired customers are denied full
and equal enjoyment of the facilities, services, privileges, advantages, or accommodations offered
by Defendant. Defendant denies that it has violated the ADA or engaged in intentional
discrimination. All remaining allegations are denied.

119.     In response to paragraph 119 of Plaintiff's First Amended Complaint, Defendant

denies that Plaintiff is entitled to any relief under 42 U.S.C. § 12188 or any other provision of law. Defendant denies all remaining allegations.

120.    In response to paragraph 120 of Plaintiff's First Amended Complaint, Defendant incorporates by reference its responses to all preceding paragraphs. Defendant denies that Plaintiff is entitled to relief under the Unruh Civil Rights Act or any other statute. Defendant denies all remaining allegations.

121.    In response to paragraph 121 of Plaintiff's First Amended Complaint, Defendant admits that the Unruh Civil Rights Act, California Civil Code § 51(b), guarantees that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of California. Defendant denies that it has violated this provision or that its Website or business practices constitute discrimination under the Unruh Act.

122.    In response to paragraph 122 of Plaintiff's First Amended Complaint, Defendant admits that it owns and operates hotels that provide services to the general public in California. Defendant denies that it has violated the Unruh Civil Rights Act or that its business establishment is inaccessible to visually impaired individuals. All remaining allegations are denied.

123.    In response to paragraph 123 of Plaintiff's First Amended Complaint, Defendant denies that its Website is inaccessible or that it denies blind and visually impaired patrons full and equal access to the facilities, goods, and services offered to the public. Defendant denies that it has violated the Unruh Civil Rights Act. All remaining allegations are denied.

124.    In response to paragraph 124 of Plaintiff's First Amended Complaint, Defendant denies that it has engaged in intentional discrimination or maintained a Website that is inaccessible to visually impaired individuals. Defendant denies that it has failed to implement accessibility guidelines or that it has ignored notice of alleged discrimination. All remaining allegations are denied.

125.    In response to paragraph 125 of Plaintiff's First Amended Complaint, Defendant denies that it has violated the Unruh Civil Rights Act by virtue of any alleged violation of the ADA. Defendant denies that it has engaged in discriminatory conduct or violated Title III of the ADA. Defendant denies all remaining allegations.

126.    In response to paragraph 126 of Plaintiff's First Amended Complaint, Defendant denies that it has engaged in unlawful practices or that Plaintiff will continue to suffer irreparable harm absent injunctive relief. Defendant further denies that Plaintiff is entitled to any injunctive

relief or that the cost of such relief is properly limited to $15,000 or less. All remaining allegations are denied.

127.    In response to paragraph 127 of Plaintiff's First Amended Complaint, Defendant denies that Plaintiff or any putative class member is entitled to statutory minimum damages under California Civil Code § 52. Defendant further denies that Plaintiff may limit the total and cumulative amount sought to $34,999 or less. Defendant denies all remaining allegations.

128.    In response to paragraph 128 of Plaintiff's First Amended Complaint, Defendant denies that Plaintiff or any putative class member is entitled to attorneys' fees or costs. Defendant denies all remaining allegations.

## AFFIRMATIVE DEFENSES

Without admitting any liability or assuming any burden of proof not imposed by law, Defendant Noble House Hotels & Resorts, L.P., d.b.a. Mission Bay Resort, asserts the following affirmative defenses to Plaintiff's First Amended Complaint:

**First Affirmative Defense: Failure to State a Claim**

Plaintiff's First Amended Complaint fails to state facts sufficient to constitute a cause of action upon which relief may be granted under the Americans with Disabilities Act, the Unruh Civil Rights Act, or any other applicable law.

**Second Affirmative Defense: Lack of Standing**

Plaintiff lacks standing to assert the claims alleged in the First Amended Complaint, including claims for injunctive relief, because Plaintiff has not suffered an injury-in-fact that is concrete, particularized, and actual or imminent.

**Third Affirmative Defense: No Violation of ADA or Unruh Act**

Defendant has not violated Title III of the ADA or the Unruh Civil Rights Act. Defendant's Website and services are accessible and compliant with applicable legal standards, and Defendant has not engaged in any discriminatory conduct.

**Fourth Affirmative Defense: Reasonable Accommodation Provided**

To the extent any accommodation is required, Defendant has provided reasonable alternative means of access to its services, including telephone and email support, consistent with the ADA and related regulations.

### Fifth Affirmative Defense: Website Is Fully Accessible

Defendant affirmatively alleges that its Website is, and at all relevant times has been, fully accessible to individuals using screen reader technology and other assistive tools. Plaintiff's allegations of inaccessibility are factually inaccurate and legally unsupported.

### Sixth Affirmative Defense: No Intentional Discrimination

Defendant has not engaged in intentional discrimination against Plaintiff or any putative class member. Defendant has acted in good faith and in compliance with applicable law at all times.

### Seventh Affirmative Defense: Compliance with Law

Defendant's Website and business practices comply with all applicable federal, state, and local laws, including but not limited to the ADA and the Unruh Civil Rights Act.

### Eighth Affirmative Defense: De Minimis Harm

Any alleged harm suffered by Plaintiff is de minimis and does not warrant relief under the statutes cited in the First Amended Complaint.

### Ninth Affirmative Defense: Mootness

To the extent Plaintiff seeks injunctive relief, such claims are moot because Defendant's Website is already fully accessible and compliant with applicable accessibility standards.

### Tenth Affirmative Defense: Estoppel and Waiver

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and waiver, including but not limited to Plaintiff's failure to engage in good faith efforts to resolve any alleged accessibility concerns prior to filing suit.

### Eleventh Affirmative Defense: Unclean Hands

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands. Plaintiff failed to provide Defendant with meaningful notice or a reasonable opportunity to address or cure any alleged accessibility issues prior to initiating this litigation. Moreover, upon information and belief, Plaintiff is a high-frequency litigant who lacks a genuine intent to patronize Defendant's business and instead seeks to leverage litigation for monetary settlement rather than to vindicate any substantive rights under the ADA or Unruh Civil Rights Act.

### Twelfth Affirmative Defense: Reservation of Rights

Defendants presently have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendants

herein reserve the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, Defendant requests that Plaintiff take nothing by way of her First Amended Complaint, and judgment of dismissal be entered in favor of Defendant, together with costs, attorney's fees and such other and further relief as this Court deems just and appropriate.

Dated: July 16, 2025                                   STILLMAN & ASSOCIATES

                                                       Philip H. Stillman, Esq.
                                                       Attorneys for Defendant

**PROOF OF SERVICE**

I, the undersigned, certify under penalty of perjury that on July 16, 2025 or as soon as possible thereafter, copies of the foregoing Answer were served electronically by ECF.

By: */s/ Philip H. Stillman*
For Defendant